# REYNOLDS *et als v.* JOURDAN.

Where the entire performance of a special contract has been prevented by one of the parties, or its terms have been varied by subsequent agreement, the action for the amount due for work and labor, should be in the form of *indebitatis assumpsit*, and not upon the contract.

In such case the contract may be introduced in evidence by either party, as an admission of the standard of value, or as proof of any other fact necessary to the recovery, and should be allowed to go to the jury, whenever it can aid them in attaining a sound conclusion.

The opinions of a person not an expert, are not evidence.

The proof of the loss of receipts, without proof of their genuineness, is not a sufficient predicate for the admission of evidence as to their contents.

The rule that Courts are to give construction to contracts, is frequently departed from, where the contract relates to the scientific or mechanic arts. In such cases it is common and prudent to admit the opinions of experts to explain the contract.

APPEAL from the District Court of the Sixth Judicial District.

The plaintiffs brought their action of *assumpsit* for work and labor done, and material furnished in the erection of a brick house for defendants in the city of Sacramento. The defendant, in his answer, sets up a written contract for the erection of the building in a good and workmanlike manner, by the terms of which, the building was to be finished by the 20th of August, 1852, except the iron doors and window blinds, which were to be furnished when they arrived from New York. The contract specifies dimensions of walls, floors, etc., but does not mention the roof. The answer further avers that the building was not erected in a good and workmanlike manner as agreed, and that the plaintiffs refused to put any roof upon the house or to put iron shutters on the doors and windows, and abandoned the building on the 8th of August, in an unfinished and unprotected condition; and further avers payments, made on account of the contract, for which he prays judgment, as well as for damages for the incomplete and unskillful manner of performing the contract.

On the trial the plaintiffs offered the contract in evidence, which was admitted under the exception of defendant. The plaintiffs then proved that they gave the key of the building to defendant, and that after defendant had been in possession of the building for some time, plaintiffs told defendant that iron doors and shutters had arrived in San Francisco, and offered to put them up, and that defendant refused to have them put up, and also proved that at the time defendant took the key of the building, he refused to pay the balance due, on the ground that the shutters were not put up. The plaintiffs then rested their case and defendant moved for a non-suit which was overruled. The defendant then proved that when he took the building there was only a rough board roof, not water-proof, but suitable for tinning, and that he, defendant, subsequently put on a metallic roof; and also introduced evidence to show that the work performed was not good and workmanlike. The opinions of Bushnell, one of defendants' witnesses, as to the quality of the masonry, were ruled out, on the ground that he was not a mechanic. It was proved that the building was taken down in 1853, having been injured by fire, and was rebuilt. Defendant also asked Carlisle, another witness, "what was the amount of the loss of rent sustained by the defendant while the house was being rebuilt?" To this question plaintiffs objected, and the objection was sustained, the defendant excepting to both rulings. Defendant proved by J. H. Ralston the loss of receipts purporting to be signed by the plaintiff, but the witness could not testify that they were in the hand-writing of plaintiffs, and the Court excluded evidence of their contents, the defendant excepting.

The plaintiffs introduced testimony showing that the building was put up in a good and workmanlike manner. The plaintiffs asked Chesley, one of their witnesses, a contractor and bricklayer, the question: "if under that contract and the customs of the country at that time, he would consider himself bound to put on a tin roof?" To which he answered that he would not. The Court then asked the witness:

8

"Under that contract, would you consider yourself bound to put any kind of a roof on the house?" To which witness answered, "No." To both these questions and answers defendant excepted. Under the instructions of the Court, given as asked by defendant, the jury found a verdict for plaintiffs. Defendant moved for a new trial. Motion overruled, and judgment entered on the verdict. Defendant appeals.

*Ralston & Wallace* for Appellant.

1. The Court erred in permitting the contract to be read. 10 Mass. R., 289; 8 Johns. R., 437; 10 Johns. R., 36; 18 Johns., 456; 7 Cowen's, 93; 1 Taylor, 182; 1 Mason, 123.

2. The Court erred in overruling the motion for a non-suit. The evidence must correspond with the allegations and be confined to the points in issue. 1 Greenl., § 61.

A contract is an entire thing and must be proved as stated. 1 Greenl., § 66.

When work is done under a subsisting special contract, the contract must be declared on. Jennings v. Camp, 13 Johns. 94; Clark v. Smith; 14 Johns., 326; Reymond v. Barnard, 12 Johns., 274; Whiting v. Sullivan, 7 Mass., 107; 8 Miss. R., 119; Cutler v. Powell; Smith's Lead. Cas. Am. Notes, 47; Martin v. Stephens, 19 Verm. R., 126; 21 Verm. R., 469; 1 Watts & Serg, 311; Serg, & Rawle, 235; Ladue v Seymour *et als*, 24 Wend. R., 59.

3. The Court erred in excluding a portion of the testimony of Bushnell. 16 Verm. R., 525.

4. The Court erred in overruling the question asked of the witness, Carlisle.

Watts & Serg., 411; 3 Watts, 104; 1 Greenl., Ev. § 51.

5. The Court erred in excluding Ralston's evidence as to the contents of the receipts.

6. The Court erred in admitting Chesley's opinion as to the construction of the contract. 16 Verm. R., 525; 3 Vesey, 692; Fowle v. Bigelow, 10 Mass., 384, and notes; 11 Verm. R., 493, 583. The construction of instruments belongs to the Court.

*Winans* for Respondent.

The general proposition contended for by appellant in his first and second assignments of error is undoubtedly correct, but the rule has been qualified when applied to particular cases. Cutler v. Powell, 2d Smith's Lead. Cas., 4 Am. ed., p. 38, § 1, and cases cited.

When there is a special contract, and plaintiff has performed it in part, and is prevented from completing it by defendant, he may recover in assumpsit for the work done, and the defendant cannot set up the special contract to defeat him. Id. p. 40, § 4, and cases cited. Also, p. 47; Feeter v. Heath, 11 Wend., 479; Ladue v. Seymour, 24 Wend., 60, 62, 63.

2. The defendant is estopped by his answer from raising the objection to the introduction of the contract in evidence by the plain-

Reynolds v. Jourdan.

tiffs, for the contract is set up in the answer and an issue tendered by defendant under it.

3. As to the exclusion of Bushnell's testimony as to the skillfulness of the work, the rule is clear, he not being a qualified expert. 1 Greenl. Ev., § 440, and note p. 554; Carter & Boehm, 1 Smith Lead. Cas., 4 Am. ed., 544, 555, 556; Smith v. ——, 4 Barb., 615.

4. The Court properly ruled out the evidence of Carlisle as to value of rents of the building while being rebuilt by defendant.    Sedg. Meas. Dam., 63, 64, 65.

5. The evidence of Ralston as to the contents of the receipts was properly excluded.    1 Greenl. Ev., § 577, p. 698.

6. The Court correctly allowed the questions asked of Chesley. It was not asking the legal construction of the contract, but merely a resort to usage to ascertain and fix the terms of the contract or its construction. Chitty Cont., 83 and note 1; Fowle v. Bigelow, 10 Mass. R., 384, 385; Smith's Com., p. 630, § 482; Wigglesworth v. Dallison, 1 Smith Lead. Cas., 305, 4 Am. ed., 582, 588, where the whole doctrine is laid down; Sewell v. Gibb, 1 Hall Sup. C. R., 602.

It is not disputed that it is for the Court to construe written instruments, "so soon as the true meaning of the words in which they are couched, and the surrounding circumstances, if any, have been ascertained as facts," etc.    Chitty on Cont., 73.

Even if there has been error as assigned, the plaintiff was entitled to the verdict.    The defendant, by refusing to allow the plaintiffs to complete the contract, has estopped himself from making the defence sought to be set up in this action.    Moore v. Campbell. 17 Verm., 499.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

1. Where the entire performance of a special contract has been prevented by one of the parties, or where its terms have been afterwards varied by the agreement of both parties, the action for the amount due for work and labor should be in the form of *indebitatis assumpsit*, and not upon the contract.    In such case the contract may be introduced in evidence by either party as an admission of the standard of value, or as proof of any other fact necessary to the recovery, and should be allowed to go to the jury whenever it can aid them in attaining a sound conclusion.

2. There was enough evidence on the part of the plaintiff to be submitted to the jury, and the Court below was correct in refusing the non-suit.

3. The Court correctly ruled out the portion of Bushnell's testimony which was excepted to because he was not a mechanic, and not such an expert as to make evidence of his opinions about the masonry of the building.

4. The question to Carlisle might have been properly allowed, but its refusal has done no harm.    It was asked upon the theory that the work

of plaintiff was unskillfully done. The jury have found against this theory altogether, and therefore the error, if any, has been cured.

5. There was no sufficient predicate for the admission of Ralston's testimony as to the lost receipts. He did not know in whose hand the receipts were written, and could, therefore, give them no verity. His evidence was properly excluded.

6. Ordinarily, as a·general rule, Courts are to give construction to written contracts, but this rule is frequently departed from, where the contract relates to the mechanic or scientific arts. In such cases it is common and prudent to admit the opinions of experts to explain the contract, and where the evidence otherwise tends to limit or enlarge the apparent meaning of the words used, the opinions of witnesses, who are in the habit of making and executing such contracts, are almost indispensable. Here the dispute was about the roof. It seems that the roof was put in proper order for tinning; that the defendant received the key and accepted the building, but refused to pay the balance due for the work, upon the single ground that the iron blinds and shutters were not put up, which, by a special provision in the contract, was only to be done upon their arrival from New York; that immediately afterwards defendant had a tin roof put on.

This state of facts alone might be sufficient to exclude the idea that the plaintiffs were to put on a metallic roof by the terms of the contract. It was, therefore, proper, in aid of this, that the witness was asked his opinion as to whether the expressions and terms used, disclosed a requisition upon the plaintiff to put a roof upon the house. His opinion was the common understanding of a mechanic, as to a subject of dispute, which the contract did not define, and which, aside from his opinion, and resting upon the contract, with the other evidence, if left to a jury, as it properly might be, may have resulted in a conclusion either way. But, if the consideration of this point be put solely on the ground that it was the duty of the Court to construe the contract, then I am of opinion that, where a contract to build a house contains a specific description of every part, with one exception, stipulating for the manner, size, measurement and material of each, with great particularity, it must be held that the exception was the result of design, and did not enter into the contract of the parties.

The last objection to be noticed is the remark of the judge who tried the case, that, "if the jury differ in opinion as to what the witness did say, they were compelled to take the recollection of the Court." The point of testimony to which this remark was applied, was as to the time a witness swore that he, as tenant of the defendant, moved into the house. I have searched the record carefully, and I cannot perceive that there was any relevancy in the testimony. As to the time of the delivery and acceptance of the house, or the time it was first occupied, there seems to have been no contest, nor does the defence set up that it was not completed in time. On the contrary, the action is not on the contract, but for work and labor, and the defence is that the contract was not completed, but that the building was abandoned by the plaintiff

in an unfinished state, before the time stipulated for its completion had elapsed.   It could, therefore, have made no difference as to what time the tenant moved in.   The damage of defendant, if any, must have commenced anteriorly, according to his own averments.   If, therefore, any admeasurement of time could have been properly considered, in ascertaining the defendant's damage, he would have introduced some evidence on that point.   There is none in the record, and the single point of time ascribed by the Court, as a part of the declaration of a witness, who swears that he moved into the house when it was unfinished, could have had no influence whatever.

There is no substantial error in the record, and the judgment is affirmed.