## DOMINIQUE ABADIE, JUAN ABADIE, AND MARELIUS ABADIE v. JOAQUIN CARRILLO.

JUDGMENT ROLL.—Until the amendment to the two hundred and third section of the Practice Act, the judgment roll was not required to contain the order sustaining or overruling a demurrer.

APPEAL ON JUDGMENT ROLL.—If, prior to said time, a demurrer to the complaint was filed, and a judgment by default was entered, and the appeal rested on the judgment roll, and the same did not disclose what action was taken on the demurrer, the presumption was that the demurrer was disposed of, and that the necessary preliminary steps were taken to obtain judgment.

COMPLAINT FOR GOODS SOLD.—A complaint for goods sold, which avers that the defendant is indebted to the plaintiff in a certain sum for goods sold and delivered to him at his request, and that defendant has not paid for the same, states a cause of action.

APPEAL from the District Court, Second Judicial District, Santa Barbara County.

The following was the complaint upon which judgment was rendered:

"The plaintiffs above named complain of the defendant, and for cause aver: That on the 11th day of August, 1863, the defendant was indebted to the plaintiffs in the sum of one

thousand four and twenty hundredths dollars ($1,004 20-100), on an account for goods sold and delivered by the plaintiffs to the defendant, at his request, in the City of Santa Barbara; and that no part thereof has been paid, and that there is now due them thereon, from the defendant, the sum of one thousand four and twenty hundredths dollars, with interest thereon from the 11th day of August, 1863.

"Wherefore they demand judgment as against the defendant, in the sum of $1,004 20-100 dollars, with interest from the 11th day of August, 1863, with costs."

Plaintiffs had judgment by default, and defendant appealed. The other facts are stated in the opinion of the Court.

*F. & J. Reynolds*, for Appellant.

The judgment in this case seems to have been entered without any reference to the demurrer as upon default—without the default having been entered by the Clerk. (Practice Act, Sec 150.) If the demurrer was passed upon, and overruled, some discretion ought to have been exercised as to the allowance of an answer. It should at least appear that the judgment was upon the overruling of the demurrer. (*Gallagher* v. *Delany*, 10 Cal. 410; *Thornton* v. *Borland*, 12 Cal. 438; *Smith* v. *Yreka Water Co.* 14 Id. 201.) The demurrer was well taken, and should have been sustained. The complaint is not sufficient to sustain a judgment by default, even if no demurrer had been interposed, for it does not contain "a statement of the facts constituting the cause of action." It does not state, either the value of the goods sold or a promise to pay the sum claimed. Neither an *assumpsit*, nor the facts from which it can be implied, are averred. (*Mershon* v. *Randall*, 4 Cal. 324–6; *Piercy* v. *Sabin*, 10 Id. 27, 28; *Green* v. *Palmer*, 15 Id. 414 *et. seq.*; *De Witt* v. *Porter*, 13 Id. 171.)

*Eugene Lies*, for Respondent.

Appellant's first point cannot be raised in this Court. He appeals upon the judgment roll, without statement or bill of

exceptions. No error on this point seems to have been assigned below, and this Court will not consider it when raised here for the first time. (*Morgan* v. *Hugg*, 5 Cal. 409; *McCartney* v. *Fitz Henry*, 16 Cal. 184; *Collier* v. *Corbett*, 15 Cal. 183.) This Court will intend that the demurrer was properly overruled before judment. (*Seale* v. *McLaughlin*, 28 Cal. 673.) The complaint in this cause is a literal copy from Abbott's Form Book, p. 79. This form appears to have been supported in the following cases, among many others: *Allen* v. *Patterson*, 3 Seld. 476; *Tucker* v. *Rushton*, 2 Code R. 59; *Adams* v. *Holley*, 12 How. Pr. R. 326. And in the case of *Cudlip* v. *Whipple*, Abbott's Pr. R. 106, a motion to make such a complaint more definite and certain was denied by Mr. Chief Justice Oakley. (See also *Chamberlain* v. *Kaylor*, 2 E. D. Smith's C. P. R. 134.)


By the Court, SAWYER, J.:

The appeal rests on the judgment roll alone. The judgment roll does not disclose what the action upon the demurrer was. Nor is it to be expected that it would, for, before the recent amendment, section two hundred and three did not require it to contain the order sustaining or overruling the demurrer. It, therefore, does not appear whether time to answer was given or not. The defendant appeared by demurring, and the subsequent proceedings were necessarily had under the direction of the Court. Final judgment was entered in open Court, by order of the Court, and all intendments are in favor of its correct action. Nothing to the contrary appearing, it must be presumed that the demurrer was disposed of, and that the necessary preliminary steps which are not required to appear in the judgment roll were taken.

The point of the demurrer is, that the complaint does not state the value of the goods, or a promise to pay the sum claimed. The complaint is in the precise form of the complaint which was held to be sufficient by the Court of Appeals of New York in *Allen* v. *Patterson*, 3 Seld. 476. The Court

say (479): " It contains every statement of fact necessary to constitute a good *indebitatus* count in debt, according to the mode of pleading before the code." (2 Ch. Pl., Ed. 1812, p. 142; *Emery* v. *Fell*, 2 Term. R. 28; 1 Ch. Pl. 345.) Our predecessors frequently held that the ordinary forms of counts is *indebitatus assumpsit*, for goods sold and delivered, etc., were sufficient. (*Freeborn* v. *Glazier*, 10 Cal. 338; *De Witt* v. *Potter*, 13 Cal. 171; *Higgins* v. *Horrell,* 18 Cal. 333.) But in *Wilkins* v. *Stidger*, 22 Cal. 235, the precise question now presented was raised, and the complaint held to be good. Mr. Justice Crocker says: " The first error assigned, is, that the complaint does not state facts sufficient to constitute a cause of action, because that portion of the complaint which sets forth the claim for professional services does not aver a promise to pay, or that the services were of any value. We think the complaint is in this respect sufficient. It follows substantially the form of a count in debt, under the old system of pleadings." As in the case of *Allen* v. *Patterson,* before cited, it was put upon the ground, that it would be a good count in debt at common law. Upon the authority of these cases we hold the complaint sufficient.

Judgment affirmed.

Mr. Justice SANDERSON delivered the following concurring opinion, in which Mr. Justice RHODES concurred:

If the question presented by the record in this case was new, I should be inclined to hold the complaint bad, upon the ground that it does not state facts sufficient to constitute a cause of action. Notwithstanding the many decisions to the contrary, I have never been able to regard the common counts as consistent with our code of practice, which was intended to provide a uniform mode of pleading in all cases. The fundamental rule in our system of pleading requires a statement of the facts constituting the cause of action or defense in ordinary and concise language, so that the precise matters intended may appear upon the face of the pleading, and the

opposite party need not be put upon his outside knowledge for the purpose of ascertaining what is meant. I do not think the common counts satisfy this rule, and must regard their retention as impairing the symmetry of our system; but a contrary view was adopted at the outset and has been uniformly adhered to since. The matter is not of sufficient importance to justify us in disturbing a rule so long settled. For these reasons I concur in the judgment.