[No. 3,892.]

JOHN A. MAGEE, JR., AND ARTHUR W. MOORE *v.* F. X. KAST.

COMPLAINT FOR GOODS SOLD.—In a complaint for goods sold and delivered, the ordinary form of a Court in *indebitatus assumpsit* is sufficient.

CONDITIONAL SIGNATURE TO AGREEMENT.—If a composition agreement is drawn up by which the creditors of a person agree to release their several demands on the payment of thirty per cent. of the same by the debtor, and one of the creditors who signs annexes to his signature a condition, this condition becomes a part of the contract of such creditor, and, on delivery of the agreement, becomes obligatory as such.

IDEM.—Such condition annexed to the signature becomes obligatory on the debtor, and he must fulfill the same in order to be released by the creditor who thus signed, and the Courts have no power to excuse him from performance.

COMPOSITION AGREEMENT OF CREDITOR WITH DEBTOR.—If a creditor agrees with his debtor that, on being indemnified against his suretyship on a bond signed by him for the debtor, he will accept thirty cents on the dollar in satisfaction of his demand, provided the other creditors will do so; he, nevertheless, has a right, on signing the composition agreement, to make it a condition that all the other creditors shall accede to the same terms within a specified time.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The complaint in this action was as follows: "John A. Magee and Arthur W. Moore, the plaintiffs in the above entitled action, complaining of Francis X. Kast, the defendant in the said action, allege: That said plaintiffs are partners in business, under the firm name and style of Magee, Moore & Co. That on the 17th day of November, 1871, the said defendant was, and still is, indebted to the said plaintiffs in the sum of $1,247 50 gold coin, on an account for goods, wares and merchandise, consisting of

leather and shoe manufacturers' goods sold and delivered by the said plaintiffs to the said defendant, at his special instance and request, at the city and county of San Francisco.

That no part of said sum has been paid.

That there is now due to the said plaintiffs thereon from the said defendant, the sum of $1,247 50 gold coin, with interest thereon from the 17th day of November, 1871, at the rate of —— per cent. per ——.

Wherefore, the said plaintiffs pray judgment against the said defendant for the sum of $1,247 50 gold coin together with interest thereon from the date last aforesaid, and costs of suit."

The defendant answered, setting up an agreement in writing, made by the plaintiffs, to sign a release for the whole of the indebtedness on receipt of thirty per cent. thereof; and a tender of the thirty per cent., and its refusal by the plaintiffs.

The defendant, on the trial, introduced in evidence the following agreement with the signatures annexed, but excluding the condition annexed to the signature of Magee & Moore. The plaintiffs objected, and the Court sustained the objection. The defendant then offered the agreement in evidence, with the said condition, and it was read.

" Know all men by these presents, That whereas, Francis Xavier Kast, trading and doing business in the city and county of San Francisco, is unable by reason of divers losses to pay and discharge his debts and liabilities in full; and, whereas, each of the names and firms undersigned, who are creditors of said F. X. Kast, have mutually agreed, one with the other and with the said F. X. Kast, to share a loss and make a settlement of our several claims, and thereby prevent a sale of the assets of said F. X. Kast, and allow said F. X. Kast to continue in business.

''Now, therefore, in consideration of the premises, we, the undersigned, covenant and agree, one with the other, that on the delivery to each of us of the promissory notes of said F. X. Kast for an amount equal to thirty (30) percentum of the amount due us severally, which said notes are made

payable in gold coin of the United States, at thirty days from this date, and endorsed to our satisfaction, that we and each of us on demand, will execute and deliver to said F. X. Kast, a release under seal of all claims and demands which we, the undersigned, severally, and not jointly, ever had, or which each of us now has against the said F. X. Kast, by reason of any matter or thing up to the date of these presents. But said release shall contain a clause and covenant that if the said promissory notes be not paid at maturity that the release shall be void and of no effect, and that the said F. X. Kast pay all expenses incurred.

"In witness whereof, we have hereunto set our hands and seals the twenty-seventh day of November, 1871.

"In presence of " —————

| | | |
|---|---|---|
| " $1,247 50 | Magee & Moore. | [SEAL] |
| | (If any creditor of F. X. Kast do not accept thirty per cent. on the dollar for full amount of his or her claim within ten days from the date of this signature, then this signature will be null and void.) | |
| 1,055 90 | Orrin Jones, | [SEAL] |
| 684 00 | Wm. Shiels, by E. Peterson, | [SEAL] |
| 269 30 | Tyler Curtis & Co., | [SEAL] |
| | Dolliver Brothers, | [SEAL] |
| 81 00 | Donovan Brothers, | [SEAL] |
| 131 84 | L. E. Hetch & Co., | [SEAL | |
| 84 00 | Waller & Jacoby, | [SEAL] |
| 73 75 | Schluter & Vollberg, | [SEAL] |
| | C. C. Hastings & Co., | [SEAL] |
| 776 85 | M. Guerin & Son, | [SEAL] |
| 808 88 | F. A. Seiberlich, | [SEAL] |
| 733 50 | Einstein Brothers, | [SEAL] |
| 113 50 | Rosenstock, Price & Co., | [SEAL] |
| 40 00 | C. Schumacher, per F. C. Tan, | [SEAL] |
| | L. S. Kast, | [SEAL] |
| 666 40 | Rosenthal, Feder & Co. per Simons." | [SEAL] |

The defendant then introduced in evidence an acknowledgment, signed by a number of creditors, that they had received promissory notes, as provided in the composition agreement, for thirty per cent. of their demands, and releasing their debts if the notes were paid in thirty days. This acknowledgment and release was signed by the creditors (except Magee & Moore,) who signed the composition agreement, and by some other creditors. The defendant had creditors who resided in Philadelphia, but they did not execute either paper. There were some San Francisco creditors who did not sign the composition agreement, and there was evidence introduced by the plaintiffs, tending to show that some of the creditors were paid in full. The plaintiffs had, before the date of the composition agreement, signed an attachment bond as surety for the defendant in an attachment suit he had commenced against one Broderick. The defendant introduced testimony tending to show that the plaintiffs agreed to accept thirty cents on the dollar, if he would indemnify them against their liability on the attachment bond, and that he did thus indemnify them before they signed. The plaintiffs had judgment in the Court below and the defendant appealed.

The other facts are stated in the opinion.

*George & Loughborough,* for the Appellant.

The Court erred in holding that the words written after the signature and seal of the plaintiffs, on the composition agreement, are a part of that instrument. (*Wright* v. *Taylor,* 9 Wend. 538.)

If entitled to any effect, they are but the memorandum of a conditional execution, which became absolute upon delivery of the instrument to the defendant, a party thereto. (*Worrall* v. *Munn,* 5 N. Y. Rep. 229.)

The pleadings, apart from the evidence, show that the plaintiffs were bound to execute the composition agreement unconditionally, in consideration of the bond given to indemnify them as sureties on a certain undertaking; and as they should be deemed to have done that which they ought to have done, the condition annexed to their signature should have been disregarded.

Their promise to execute the agreement was a binding contract, and any violation of this promise would have given the defendant a good cause of action. (*Boyd* v. *Hind,* 40 Eng. L. & Eq. 428.) All the creditors were not required to sign either by law or the terms of the agreement. (*Renard* v. *Fuller,* 4 Bos. 107; *Norman* v. *Thompson,* 4 Eng. Ex. 755; *Good* v. *Cheeseman,* 2 Barn. & Ad. 328; *Boyd* v. *Hind,* 40 Eng. L. & Eq. 428; Act of Feb. 1, 1868, Statutes of Cal. 1867–8, p. 31.)

*Porter, Holladay & Weeks,* for the Respondents.

The condition annexed to plaintiffs' signature is directly opposite their names, and under their seals, and written by them when they signed, and as much a part of the agreement as anything else in it, and was the condition upon which alone they were willing to and actually did affix their signatures to the instrument; and it is a clear presumption that if said plaintiffs had not signed in that manner, the defendants would not have had the benefit of their signatures at all, since, were it otherwise, the proviso would have been useless and without meaning.

If there is any law that establishes the doctrine that a condition deliberately made and attached to a contract is discharged by the delivery of that contract, we have not yet been referred to it. The condition is as much a part of the agreement as the signature, and we apprehend the signature has some significance even if it is at the "end" of the contract. The position of the proviso is the point relied upon, and we submit that the objection is frivolous.

By the Court, CROCKETT, J.:

1. The demurrer to the complaint was properly overruled. (*Abadie* v. *Carrillo,* 32 Cal. 172.)

2. The condition annexed to the signature of the plaintiffs to the composition agreement was a part of the contract on their part, and, on its delivery, became obligatory as such.

3. On the question, first, whether it was the mutual understanding of the parties, that the composition was to be

confined to the California creditors, or was to include also the Philadelphia creditors, and, second, whether the plaintiffs subsequently waived the performance of the conditions annexed to their signatures, there was a substantial conflict in the evidence, and we cannot disturb the decision and judgment on the ground that in this respect they were not justified by the evidence.

4. The conditions annexed to the signature of the plaintiffs, being a part of the contract, were obligatory on the defendant, and the Court has no power to excuse him from their performance.

5. If it be assumed that the plaintiffs agreed with the defendant that on being indemnified against their suretyship on the bond they would accept thirty cents on the dollar in satisfaction of their demand, provided the other creditors would do so; they, nevertheless, had the right, on signing the composition agreement, to make it a condition that all the other creditors should accede to the same terms within a specified time.

We see no error in the record.

Judgment and order affirmed.    Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.