## CASTAGNINO v. BALLETTA et al.[*]

### No. 11,713; July 1, 1889.

#### 21 Pac. 1097.

**Building Contract.—Assumpsit will Lie to Recover** a balance due on a special contract to erect a building, and it is not necessary to allege the performance of all the conditions to be performed before payment was due.

**Appeal—Conflicting Evidence.—The Verdict of the Jury** will not be disturbed because the evidence is conflicting.

**Trial.—Instructions are Properly Refused** when the charge of the court covers all the points in the case, including those found in the instructions requested.

**Law of Case.—Where, After the Reversal of a Judgment** in a mechanic's lien suit, the case is remanded for a new trial, and the plaintiff amends his complaint and sues in assumpsit, the law of the decision on the appeal is no longer the law applicable to the pleadings.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Tilden & Tilden for appellants; Hassett & Tevlin and Theodore Bradley for respondent.

BELCHER, C. C.—This action was originally brought to foreclose a mechanic's lien for $1,395.50 on a block of buildings in the city of San Francisco. The buildings were erected by plaintiff for defendants under a written contract, which provided that plaintiff should furnish all the materials, and do the work according to plans and specifications made by George Bordwell, architect, and receive therefor the sum of $9,800, payable in installments as the work progressed, the last payment to be made "when the houses shall be completed, each in all its parts, and accepted by the architect." The $1,395.50, consisted of an unpaid balance of the contract price and $375 alleged to be due for extra work and materials. The case was tried, and judgment rendered for plaintiff. An ap-

---

[*]For subsequent opinion in bank, see 82 Cal. 250, 23 Pac. 127.

peal was taken by defendants from the judgment and an order denying them a new trial, and the judgment and order were reversed on the authority of Loup v. Railroad Co., 63 Cal. 97. The case came on again for trial, and the plaintiff was allowed, over the objections of defendants, to file an amended complaint in indebitatus assumpsit. It contained three counts. The first alleged an indebtedness from defendants to plaintiff of $1,020.50 for work and labor done and material furnished in the erection of a block of buildings in the city of San Francisco. The second alleged an indebtedness of $270 for extra work done and materials furnished in the erection of the said block of buildings. And the third alleged an indebtedness of $105, for putting a door in defendants' building, and constructing a sidewalk in front thereof, at their special instance and request. The prayer was for judgment for $1,395.50, the aggregate of these amounts, with interest and costs.

The defendants, by their answer, denied that they were indebted to plaintiff in the sums of money named in the complaint, or in any sums or sum whatever, and to the first two counts they pleaded the statute of limitations. They then alleged that the labor and materials sued for, except the last item of $105, were executed under a written contract, which was furnished by the parties on the 26th of April, 1876, and a copy of which was set forth and made a part of the answer. They further alleged that they complied with all the conditions of the contract on their part, and paid plaintiff during the progress of the work the sum of $9,104, but that plaintiff failed to comply with the conditions of the contract on his part; that he omitted to put in the buildings many things required by the contract and specifications, and that the value of the articles and work omitted was $450; that the buildings were not completed within the time named in the contract, and defendants were damaged thereby in the sum of $900; that the foundation was not put down to solid ground, and by reason thereof the buildings settled, to the damage of the same in the sum of over $1,000. The prayer was for judgment against the plaintiff for $1,500 and costs of suit. The case was tried before a jury, and the verdict and judgment were

for plaintiff.   Defendants moved for a new trial, which was denied, and have appealed from the judgment and order.

When the trial commenced, the plaintiff first introduced in evidence the building contract, a copy of which is set out in the answer, and the specifications referred to therein.   He then introduced evidence showing that the terms of the contract were subsequently changed in certain respects by agreement of the parties; that he proceeded to construct and complete the buildings according to the plans and specifications; that he performed certain extra work, which was provided for by an indorsement on the contract, and for which he was to receive $270; that he also placed an extra door in one of the houses by direction of the architect at a cost of $15, and by an agreement with defendants laid a new sidewalk in front of the building, for which they were to pay him $90; that he was prevented by defendants from completing the whole work at the time named in the contract; that after it was in fact completed the architect suggested certain items of work which he wished to have done, saying that when they were done to his satisfaction he would accept the buildings as complete, and that he (plaintiff) did the suggested work, so far as it was called for by the contract; that a few days afterward, at a meeting of the plaintiff, defendant Balletta, and the architect, the architect said he was satisfied with the building, and would accept it; that at this meeting the architect also said to plaintiff's attorney, who was present, that "he [plaintiff] had a hard contract anyhow, and that he was glad that he had finished it up, and that he had advised him not to take the contract in the first place; that he knew he lost a great deal of money on it; he said he knew he lost not less than $2,000 on the contract; he was glad it was finished"; that it was then arranged that another meeting of the parties should be held at the architect's office to figure up the amount due plaintiff, and settle the whole matter; and that in pursuance of this arrangement the parties met, the amount due plaintiff was figured up and agreed to be, including the extra work, $1,395.50; and that after that the architect called plaintiff's attorney aside, "and spoke in a low tone, and said that he wanted plaintiff to pay him $100; that he had been to a great deal of trouble in superintending

the buildings, and that the amount paid him by defendant for his services was not sufficient''; that plaintiff, on being informed of this demand, refused to pay it, and the architect then said that he would charge plaintiff for lost time, and would not receive the buildings; that defendant was present, with a bag of money on the table, ready to pay plaintiff, if the architect had not stopped him from doing so. The defendants objected to the admission in evidence of the contract and specifications, on the ground that they showed an entirely different contract from the one set up in the complaint, and were therefore irrelevant and immaterial; and to all the evidence showing that the terms of the contract were varied and changed, and to all evidence offered to excuse or explain the delay in the completion of the contract according to its terms, on the ground that it was incompetent, and inadmissible under the pleadings. They also move for a nonsuit on similar grounds. The objections and motion were all overruled, and exceptions reserved.

1. The first and most important question presented relates to the amended complaint, and the plaintiff's right to obtain relief thereunder. It is contended for appellants that an action in general assumpsit will only lie where nothing remains to be done except to ascertain and determine the amount of money due the plaintiff, and that where, as in this case, the action is based on a special contract, the plaintiff must allege and prove the performance of all conditions precedent before he can recover. And it is said that all the conditions precedent were not performed here, because, under the contract, the last payment was not to be due until the buildings should be completed and accepted by the architect. It has been frequently held in this state that, notwithstanding the requirement that the facts constituting the cause of action should be stated in ordinary and concise language, the common counts may be used: Freeborn v. Glazer, 10 Cal. 337; Wilkins v. Stidger, 22 Cal. 235, 83 Am. Dec. 64; Abadie v. Carrillo, 32 Cal. 172; Friermuth v. Friermuth, 46 Cal. 42; Magee v. Kast, 49 Cal. 141. In De Boom v. Priestly, 1 Cal. 206, there was a special contract for the erection of a building, which was deviated from by instructions from the defendants. The action was brought on a quantum meruit, and testimony was admitted of

the value of plaintiff's services. The court refused to instruct the jury, at the request of defendants, that, "if the jury believes that there was a special contract between the parties to erect the buildings at a specified price, and according to an agreed plan, which was afterward changed by consent, the plaintiffs are compelled to sue upon that special contract, so far as it can be traced, and cannot recover upon an implied contract for work and labor, or for materials." And it was held that the evidence was properly admitted, and the instruction refused. In Reynolds v. Jourdan, 6 Cal. 108, the plaintiffs brought an action of assumpsit for work and labor done and materials furnished in the erection of a building for defendant. In his answer the defendant set up a written contract for the erection of the building, and on the trial the plaintiffs offered the contract in evidence, and it was admitted over the objection of defendant. The court said: "When the entire performance of a special contract has been prevented by one of the parties, or where its terms have been afterward varied by the agreement of both parties, the action for the amount due for work and labor should be in the form of indebitatus assumpsit, and not upon the contract. In such case the contract may be introduced in evidence by either party as an admission of the standard of value, or as proof of any other fact necessary to the recovery, and should be allowed to go to the jury whenever it can aid them in attaining a sound conclusion." In Farron v. Sherwood, 17 N. Y. 227, it was held that the code had not changed the former rules of pleading, and that a party who had wholly performed a special contract on his part may still count on the implied assumpsit to pay the stipulated price, and is not bound to declare specially on the agreement. And the doctrine of that case has been affirmed in other cases: See Hosley v. Black, 28 N. Y. 438; Hurst v. Litchfield, 39 N. Y. 377. In Kerstetter v. Raymond, 10 Ind. 199, it was held that the rules of common-law pleading, which permitted evidence of special contracts to be given under the common counts, had not been changed by the code, and that they applied—First, where the whole of the contract has been performed on the part of the plaintiff; second, where the special contract has been altered or deviated from by common consent; third, where the special

contract has been performed in part, and its full performance is prevented or dispensed with by the defendant; and, fourth, where the plaintiff has not fulfilled on his part, but has, under it, done or delivered something of value to the defendant. The case of O'Connor v. Dingley, 26 Cal. 11, cited by appellants, is not in conflict with the foregoing cases. The action was assumpsit, and the evidence showed a special contract whereby the defendant was to pay plaintiff, not in money, but by note. In the opinion, there are some lines of protest against the acceptance of the common counts under our reformed modes of procedure, but the decision was only that the proper action would be one for damages for failure to give the note. In view of the foregoing authorities we think the common counts may be used in a case like this, and that there was no error in the admission of evidence or in the denial of the motion for nonsuit. It is true, it does not appear that there was any formal acceptance of the buildings by the architect. But the plaintiff's evidence shows that they were in fact completed according to the terms of the contract, except as to time, and that the failure to have them done in time was the defendant's fault. It further shows that after they were completed the architect said he was satisfied with them, and would accept them. If, after this, he in bad faith, and for a selfish purpose, changed his mind, and refused to accept them, that fact cannot affect the plaintiff's right to recover.

2. There was evidence introduced by the defendants conflicting on some points with that introduced by the plaintiff. The record, however, shows only a conflict; and, in view of the well-settled rule in such cases, we cannot disturb the verdict on the ground that it was not justified by the evidence.

3. The court refused to give to the jury certain instructions asked by defendants, and then read to them its own charge. The charge covered the whole case, and stated the law applicable thereto very fully, clearly, and, as we think, correctly. It also included all the points found in the instructions refused, which were correct statements of the law, and were applicable to the case. We therefore see no error in the refusal, or in the charge given.

4. It is contended that the decision in Loup v. Railroad Co., supra, on the authority of which the former judgment was reversed, has become the law of this case, and that, under it,

averment and proof that the buildings had been accepted were necessary. It was held in Sharp v. Miller, 66 Cal. 98, 4 Pac. 1065, that the reversal of 'a judgment and order denying a new trial places the parties in the lower court in the same position as if the case had never been tried, with the exception that the former opinion of the appellate court must be followed, so far as applicable, in the new trial. After the judgment in this case was reversed, the plaintiff amended his complaint, as he had a right to amend it: Cox v. McLaughlin, 76 Cal. 60, 9 Am. St. Rep. 164, 18 Pac. 100. The law of the case cited was, therefore, no longer applicable to the pleadings. On the new trial the court seems to have followed and was governed by the "law of the case" in the admission of evidence as to performance, waiver, refusal, etc., and in its instructions to the jury respecting them.

5. No point is made by counsel on the statute of limitations, and we therefore find it unnecessary to consider the question as to whether the action was barred or not. Looking at the whole record, we find nothing calling for a reversal, and therefore advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Gibson, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.