[Civ. No. 20726. First Dist., Div. Three. Sept. 19, 1963.]

BRUCE HANSON, Plaintiff and Respondent, v. E. M. HUNDLEY HARDWARE COMPANY et al., Defendants and Appellants.

Bagby & Foley and Charles Bagby for Defendants and Appellants.

Birenbaum, Anderson & McClelland and Allen E. Anderson for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff employee, seeking commissions allegedly earned by him, had judgment for $4,314.99. Defendant employer appeals.

Defendant, a hardware dealer, employed eight estimator-salesmen, including plaintiff. Each was to secure plans for building construction, perpare lists of the hardware required, and submit defendant's bid therefor. If the bid were accepted, the estimator-salesman was to supervise timely delivery to the job, and to resolve disputes with the builder-buyer. Until June 1, 1956, each such employee was paid a

salary. The eight desired to change to a commission basis. In May 1956, defendant employer issued a letter to them proposing such compensation, and the new terms became effective June 1, 1956.

So far as here relevant, the letter provided that each estimator-salesman should receive commission upon jobs handled by him, should be charged with rent and telephone calls, and specified "No commission paid until store has been paid in full."

Plaintiff resigned July 31, 1957. He claims that the employer's accounting fails to credit him with commissions upon several jobs fully performed by him and, separately, that he is entitled to recovery in *quantum meruit* on three jobs either not paid for in full or not fully performed by him.

As to the accounting feature, the court failed to charge plaintiff with rent and telephone, although the agreement specifically provides for such deductions. Although this appears to be mere oversight, there are other claimed charges against plaintiff, also omitted, which may have been disallowed by the court. In the absence of specific findings, we cannot say that the error is one of arithmetic only, and must remand the case. Several errors of computation are pointed out in the briefs. We need not enlarge this opinion by discussing them in detail, as they doubtless will be corrected by the trial court.

The principal legal issue involves the Mein job. All hardware for that job had been delivered, and some $9,000 had been charged by defendant to Mein therefor, before plaintiff quit work. Admittedly, a commission of $1,955.20, as allowed by the court, would be due to plaintiff if payment for this hardware had been made. However, some $3,000 of this total was written off by defendant after plaintiff left his employ. Defendant argues that no commission is due under the contract because he has never been paid in full for this job. The trial court found, on conflicting evidence, that defendant "voluntarily chose not to collect" this sum, "in order to get additional business from the particular customer." Defendant cannot rely upon his own prevention of performance to escape liability. Rather, plaintiff is entitled to recover in *quantum meruit*, as he has here, and to look to the written contract as evidence of the value of his services (*Reynolds* v. *Jourdon*, 6 Cal. 108, 111).

We do not accept defendant's contention that his

letter of June 1, 1956, was merely an offer for a series of unilateral contracts, accepted as to each job only by full performance of each. Rather, the offer was for a bilateral contract, since it provides for charges against plaintiff on a monthly basis, without regard to any particular job. The offer was accepted, and both parties operated under it for 13 months.

The Safeway and Dominican Convent jobs, on which plaintiff was allowed $381.60, differ. Although defendant was paid in full for both, neither was completed when plaintiff left his employment. There is no suggestion of prevention of performance as to either. The trial court found only that plaintiff's leaving his employment "was justified." Since the contract itself provided for termination by either party, this finding is not helpful. There is no finding that defendant induced plaintiff's resignation. Lacking some finding of excuse for nonperformance, plaintiff cannot escape the requirements of his contract and resort to recovery in *quantum meruit*.

Defendant cross-complained for services allegedly required to be rendered by him on the Mein job because of plaintiff's failure to perform. The trial court found against him, and the evidence, although in conflict, supports that finding.

Judgment affirmed as to the Mein job; in all other respects it is reversed, and case remanded for revision of findings, with or without the taking of additional evidence, as the trial court may deem appropriate. Each party shall bear his own costs on appeal.

Salsman, J., and Devine, J., concurred.