[No. 19111.   Department Two. — February 8, 1893.]

## LEONARD LABORY, APPELLANT, v. THE LOS ANGELES ORPHAN ASYLUM, RESPONDENT.

REAL PROPERTY — CONSTRUCTIVE POSSESSION — ADVERSE POSSESSION BY INTRUDER — COLOR OF TITLE. — Title to land draws to it the possession, and it remains with the owner of the legal title until he is divested of it by an actual adverse possession; and while he is in actual possession of a part of the premises, he has constructive possession of the remainder, and can be ousted by a mere intruder only to the extent of the actual occupation of such intruder; and no entry by an intruder under color of title to the whole tract can give him a constructive possession which would oust or supersede the constructive possession of the real owner.

ID. — PUBLIC LANDS — POSSESSION BY CITY — JUDICIAL NOTICE. — The court will take judicial notice of the actual possession by a city of part of its public lands, and of its constructive possession of the remainder.

ID. — QUIETING TITLE — DEFENSE OF PRESCRIPTION — PAYMENT OF TAXES. — In an action to quiet title to land, where it appears that the land was

originally a part of the pueblo lands of a city, under conveyances from which the defendant and its predecessors held the legal title of record, and that neither the plaintiff nor his predecessors in interest, who claimed a title by prescription to the whole tract by virtue of their actual possession of part of it, had paid the taxes assessed upon the land after April 1, 1878, but that defendant and its predecessors in interest, to whom they had been assessed, had continuously paid the same after said date, the defense of prescription cannot be sustained.

ID. — RIGHT OF CORPORATION TO DEFEND ACTION — RECORD OF COPY OF ARTICLES — EVIDENCE — APPEAL — OBJECTION FOR FIRST TIME — WAIVER. — An objection that a corporation defendant in an action to quiet title to land had not proved a compliance with the provisions of section 299 of the Civil Code, requiring all corporations to file a certified copy of the copy of its articles of incorporation in every county in which it holds property, and that therefore it was not entitled to defend the action, cannot be taken for the first time upon appeal. The objection is waived, if not taken at the trial, or, at least, at the conclusion thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*E. A. Meserve*, and *M. W. Conkling*, for Appellant.

*Stephen M. White*, for Respondent.

BELCHER, C. — This is an action to quiet the plaintiff's title to a tract of land in the city of Los Angeles, and the complaint is in the usual form. The defendant is a corporation, and by its answer it denies that the plaintiff is the owner or entitled to the possession of a described portion of the tract, and avers that it is the owner in fee and in possession thereof, and it disclaims any claim to or interest in the remaining portion of the tract.

The court below found the facts to be in accordance with the averments of the answer, and gave judgment accordingly. The plaintiff appeals from the judgment, and an order denying his motion for a new trial.

The city of Los Angeles was incorporated by an act of the legislature in 1850, and was made to succeed to all the rights, claims, and powers of the pueblo of that name in regard to property. In due time it presented to the board of land commissioners appointed under the

act of Congress of March 3, 1851, its claim for four square leagues of pueblo lands, and its title thereto was thereafter duly and regularly confirmed. The decree of confirmation became final on February 1, 1858, and on August 9, 1866, the United States issued its patent for the lands to the city.

The land in controversy is included within the four leagues so confirmed and patented, and the principal question is, Had the plaintiff's predecessors in interest acquired a title thereto by prescription, as against the defendant and its predecessors in interest, who claimed title under conveyances from the city?

To establish his title, the plaintiff relies upon deeds, executed by his predecessors in interest, of a tract of land including the land in controversy, and an actual occupancy of a small part of the tract, under claim in good faith and color of title to the whole. The first deed was executed on May 31, 1860, and the last, to the plaintiff, on August 26, 1890. The tract described was situated on the east side of and adjoining the Los Angeles River, and was in form a parallelogram, having a length from west to east of 400 varas, and a width of 250 varas. Next to the river was a small flat containing two or three acres, then a rise, or hill, and back of that, a level plain, or mesa, extending east for many miles. The flat next to the river was inclosed and planted with fruit trees, and on it was an adobe house, which was occupied by each of the grantors, or his tenants, during the time of his claimed ownership. The balance of the tract was never inclosed or used by any of the plaintiff's predecessors in interest, but was a common pasture, used by any one and every one for that purpose who chose to do so, until the part of it in dispute was inclosed by the defendant in March, 1886.

To establish its title, the defendant relies upon two deeds executed by the city to its predecessors in interest, both deeds conveying the land in controversy and other land, and one dated August 12, 1875, and the other March 8, 1886.

The plaintiff claims that the entry of each of his pre-
decessors into the actual possession of the flat by the
river was made in good faith, and under claim and color
of title to the whole tract, and that under section 322 of
the Code of Civil Procedure a title to the whole tract,
denominated a title by prescription (Civ. Code, sec. 1007),
which was good as against the city and the whole world,
had vested in his predecessors before the city made its
first deed to one of defendant's predecessors.

This claim cannot, in our opinion, be sustained. At
all the times named, the city was the owner of all the
pueblo lands, except such parcels thereof as private par-
ties had acquired title to by purchase or otherwise; and
the court will take judicial notice that the city had ac-
tual possession of certain parcels of such lands and con-
structive possession of the balance. This being so, no
mere intruder could obtain a constructive possession
which would oust or supersede the constructive posses-
sion of the real owner. " The rule is well settled that
title draws to it the possession, and it remains with the
owner of the legal title until he is divested of it by an
actual adverse possession; and while he is in possession
of a part of the premises, his possession is entitled to
the constructive possession, and can only be ousted by
and to the extent of the actual occupation of a mere
intruder." (Wood on Limitations, sec. 261.)

In *Hunnicutt* v. *Peyton*, 102 U. S. 368, it is said: " It
is true that when a person enters upon unoccupied land
under a deed or title, and holds adversely, his posses-
sion is construed to be co-extensive with his deed or
title, and the true owner will be deemed to be disseised
to the extent of the boundaries described in that title.
Still, his possession beyond the limits of his actual occu-
pancy is only constructive. If the true owner be at the
same time in actual possession of part of the land,
claiming title to the whole, he has the constructive pos-
session of all the land not in the actual possession of
the intruder, and this, though the owner's actual pos-
session is not within the limits of the defective title.

'The reason is plain.   Both parties cannot be seised at the same time of the same land under different titles. The law therefore adjudges the seisin of all that is not in the actual occupancy of the adverse party to him who has the better title.'"

And in *Semple* v. *Cook*, 50 Cal. 26, it was held that if one who claims title under a deed to a large tract of land enters upon it and erects a house, and acquires actual possession of a small part around his house, and constructive possession of the whole, and the owner of the true title afterwards enters on the same tract in another place, claiming the whole, the constructive possession thus acquired by the one who first entered is overcome by the constructive possession of the true owner, so that the statute of limitations does not run in favor of the one who had not the true title.

In view of these authorities,— and many more to the same effect might be cited,— it is clear that, as to the premises in controversy, the statute of limitations did not begin to run in favor of any of the plaintiff's predecessors in interest before August 12, 1875, the date of the city's first deed of the property.

It is also clear that, after the first deed was made, no title by limitation could have been acquired, for the reason that, to create such title, an adverse possession for five years, and after April 1, 1878, the payment by the adverse claimant of all taxes assessed against the property were required.   (Code Civ. Proc., sec. 325.)

But it was proved that, beginning with 1878, the land had been assessed to the defendant and its predecessors in interest, and that all the taxes thereon had been paid by them.

It is also claimed that the judgment should be reversed for the reason that the defendant failed at the trial to show that it had complied with the provisions of section 299 of the Civil Code.   That section requires every corporation to file a copy of the copy of its articles of incorporation, duly certified by the secretary of state, in the office of the county clerk of every county in this

state in which it holds any property, except the county where the original articles are filed; and it declares that "any corporation failing to comply with the provisions of this section shall not maintain or defend any action or proceeding in relation to such property."

The complaint alleges "that the defendant, the Los Angeles Orphan Asylum, is now, and ever since the twenty-first day of June, 1869, has been, a corporation organized, existing, and doing business under and by virtue of the laws of the state of California." At the trial the defendant offered all its testimony, and it was received without objection or suggestion by the plaintiff that it had no right to defend the action. The case was then argued, submitted, and decided, and after that the point seems to have been first raised by a specification attached to the statement on motion for new trial, to the effect that the finding that the defendant was the owner of the land in controversy was not justified by the evidence, because it was not shown by the evidence that defendant had complied with the provisions of the section named.

We do not think the point can be thus raised for the first time. The objection should have been made when the defendant was introducing its evidence, or at least at the conclusion of it. Not having been made at any time during the trial, the objection must now be deemed waived.

We advise that the judgment and order be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.