[Sac. No. 65.   Department One.—January 28, 1896.]

## CALIFORNIA SAVINGS AND LOAN SOCIETY, RESPONDENT, *v.* WILLIAM C. HARRIS, APPELLANT.

CORPORATIONS—ACTION RESPECTING PROPERTY—FAILURE TO FILE COPY OF ARTICLES—PLEA IN ABATEMENT—WAIVER.—A noncompliance with section 299 of the Civil Code requiring every corporation to file in the office of the clerk of any county in which it holds any property a certified copy of the copy of its articles of incorporation filed in the office of the secretary of state, under penalty of not being able to maintain or defend any action or proceeding in relation to such property until such copy be filed, does not impose upon the corporation a loss or forfeiture of its property; nor is a compliance therewith essential to a cause of action, or a jurisdictional element in the suit; but a failure to comply with the statute is merely ground for a plea in abatement, which may be and is waived unless it is affirmatively pleaded.

ID.—FILING COPY AFTER SUIT, AND BEFORE PLEA—MAINTENANCE OF AC-
TION.—Where the properly certified copy of the articles of incorporation
is filed in the county where the property affected by a suit in favor of
the corporation is situated, though such filing be after the commence-
ment of the suit, but before the filing of a plea in abatement of the suit
upon the ground that it was not filed, such plea thereafter interposed is
unavailing to prevent a further maintenance of the action.

ID.—PLEAS IN ABATEMENT NOT FAVORED.—Pleas in abatement are not
favored, and are to be strictly construed, and the matter in abatement
must exist at the time of filing of the plea.

APPEAL from a judgment of the Superior Court of
Madera County.    W. M. CONLEY, Judge.

The facts are stated in the opinion of the court.

*W. H. Laren,* and *W. C. Wallace, Jr.,* for Appellant.

The failure of plaintiff to file the requisite copy of its
articles before commencing its action prevented it from
maintaining the same. (Const., art. VI, sec. 5; Civ. Code,
sec. 299; *Bank of British North America* v. *Alaska etc. Co.,*
97 Cal. 38; *Phillips* v. *Goldtree,* 74 Cal. 155; *Southern
Pacific R. R.* v. *Purcell,* 77 Cal. 72; *Byers* v. *Bourrett,* 64
Cal. 74; *Sweeney* v. *Stanford,* 67 Cal. 636.)

*Robert Harrison,* and *J. F. Cowdery,* for Respondent.

Noncompliance with section 299 of the Civil Code
must be specially pleaded in the answer. (*Southern
Pacific R. R. Co.* v. *Purcell,* 77 Cal. 69; *Ontario State
Bank* v. *Tibbits,* 80 Cal. 68; *South Yuba Water etc. Co.*
v. *Rosa,* 80 Cal. 333–36.) That plea must be clear
and specific; it will be strictly construed. (*Ontario
State Bank* v. *Tibbits, supra; Larco* v. *Clements,* 36 Cal.
132; *Labory* v. *Orphan Asylum,* 97 Cal. 270.)

HARRISON, J.—Plaintiff is a corporation, whose princi-
pal place of business is the city and county of San
Francisco, and commenced the present action for the
foreclosure of a mortgage that had been assigned to it.
The mortgage was executed October 18, 1888, upon
lands which were situated in that portion of the county
of Fresno which was afterward included in the county

of Madera. The complaint was filed in the county of Madera September 6, 1893, and on April 25, 1894, the defendant Harris filed an amended answer, in which he set up as a separate defense "that said plaintiff did not file in the office of the county clerk of the county of Madera its articles of incorporation, a certified copy of its articles of incorporation, and a certified copy of the copy of its articles of incorporation, as required by section 299 of the Civil Code, prior to the sixth day of January, 1894." The cause was tried by the court, and judgment rendered in favor of the plaintiff. Upon the matter set forth in the foregoing defense, the court made findings in the same terms as it was pleaded. The defendant has appealed upon the judgment-roll, and urges in support of his appeal that, inasmuch as the plaintiff had not filed a certified copy of its articles of incorporation in the office of the county clerk of Madera county prior to the commencement of the action, it was not entitled to judgment.

Section 299 of the Civil Code requires every corporation to file in the office of the county clerk of any county in the state in which it holds any property, except the county where the original articles of incorporation are filed, "a copy of the copy of its articles of incorporation filed in the office of the secretary of state, duly certified by such secretary of state," and declares, as the penalty for failure to comply with this requirement, that "any corporation failing to comply with the provisions of this section shall not maintain or defend any action or proceeding in relation to such property, its rents, issues or profits, until such articles of incorporation, and such certified copy of its articles of incorporation, and such certified copy of the copy of its articles of incorporation, shall be filed at the places directed by the general law and this section." The last clause of this sentence shows that the previous clause is to be construed distributively, and that the documents therein named are to be filed at the places required therefor respectively. As section 296 of the Civil Code requires the original

articles of incorporation to be filed with the county clerk of the county in which the principal business of the company is to be transacted, and a certified copy of these articles with the secretary of state, and, as the principal place of business of the plaintiff herein is in the city and county of San Francisco, it is evident that the only document referred to in this portion of section 299 which is required to be filed with the county clerk of the county of Madera is the copy of the copy of its articles of incorporation certified by the secretary of state.

The failure to file this certified copy does not impose upon the corporation a loss or forfeiture of its property, or impair or deprive it of any cause of action or defense it may have in reference to such property. A previous filing of the certified copy is not a fact essential to the cause of action, or an element constituting the plaintiff's right of action; and the omission of such an averment in the complaint is not a ground of demurrer (*South Yuba Water Co.* v. *Rosa*, 80 Cal. 333), or for the reversal of a judgment (*Labory* v. *Orphan Asylum*, 97 Cal. 270), and consequently is not a jurisdictional element in the suit. Nor does such failure afford to the other party any defense to the cause of action upon which a suit has been commenced, but is merely a special defense in the nature of a plea in abatement (*Ontario State Bank* v. *Tibbits*, 80 Cal. 68), by which the right of the plaintiff to maintain the action is suspended until the statute is complied with, and is subject to the same rules of pleading as are other pleas in abatement. Being matter merely in abatement, it is a defense which may be waived by the defendant, and which is waived by him unless it is affirmatively pleaded.

Pleas in abatement, or dilatory pleas, have never been favored, and are to be strictly construed. (*Tooms* v. *Randall*, 3 Cal. 438; *Larco* v. *Clements*, 36 Cal. 132.) "The party pleading them relies on technical law to defeat the plaintiff's action, and is held to a technical exactness in his pleading." (*Thompson* v. *Lyon*, 14 Cal.

39.)    Matter in abatement of the plaintiff's action must exist at the time of filing the plea. A plea of nonjoinder of a party plaintiff is unavailing, unless at the time it is made such party can be joined as a plaintiff. (1 Saund. 291 a.) A plea of a pending suit is ineffective unless the former suit is pending at the time the plea is filed. (*Pew* v. *Yoare,* 12 Mich. 16.) In *Moore* v. *Hopkins,* 83 Cal. 270, 17 Am. St. Rep. 248, it was held that the effect of such a plea was obviated by the dismissal of the former suit at any time after the plea had been filed, and before the trial. A statutory defense which does not affect the cause of action, and which is limited by its terms "until" the removal of the grounds upon which it is authorized, is to be construed with the same strictness. The act of April 1, 1876 (Stats. 1876, p. 729), provided that a banking corporation should not maintain or prosecute any action until it had filed and published the statement therein required. In *First Nat. Bank* v. *Henderson,* 101 Cal. 307, it was held that this provision did not deprive the plaintiff of its right of action, and that as the defense was available only until the statute had been complied with, a repeal of the statute pending the action took away the defense, and that a judgment which had been rendered in disregard of such defense would not be reversed where the statute was repealed pending the appeal from such judgment. The defense which is authorized by section 299 does not confer any right upon the defendant, and is authorized for the purpose of enforcing a compliance by the plaintiff with a statutory requirement. It is limited by its terms "until" such compliance has been had, and when its object has been effected, its terms prescribing a penalty should be strictly construed and in favor of the corporation.

At the commencement of this action the plaintiff had not filed the certified copy with the county clerk of Madera county, but it did file it with that officer several months before the defendant filed his amended answer, setting up this defense, so that at the time this

defense was pleaded by the defendant, the plaintiff had complied with the statute. The defense pleaded by the defendant was, therefore, unavailing to him to prevent the plaintiff from thereafter maintaining the action. Section 299 does not declare that the plaintiff shall not commence an action in any county, unless it has filed a certified copy in the office of the county clerk, but merely declares that it shall not maintain an action until it has filed it. To maintain an action is not the same as to commence an action, but implies that the action has already been commenced. "The verb 'maintain' in pleading has a distinct technical signification. It signifies to support what has already been brought into existence." (*Moon* v. *Durden*, 2 Ex. 30.) The expression in the opinion in *Byers* v. *Bourret*, 64 Cal. 73, to the effect that the provision of section 2468 of the Civil Code must be complied with before the commencement of the action, was not involved in the case then before the court. That section provides that an action cannot be maintained by the partnership until the publication of the certificate therein referred to has been made for four weeks; and it appeared at the trial of that case that the publication of the certificate had been commenced only one week prior thereto. If the completion of the publication had been essential to the commencement of the action, there would have been no occasion for any discussion respecting its publication subsequent to the commencement.

The judgment is affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.