[S. F. No. 2739.   Department Two.—July 16, 1903.]

JOHN A. ROEBLING'S SONS COMPANY, a Corporation, Respondent, v. GEORGE F. GRAY et al., Appellants.

APPEAL FROM JUDGMENT—OMISSION IN FINDINGS—ABSENCE OF BILL OF EXCEPTIONS.—Where the findings made two counts of the complaint fully support the judgment, the fact that there was a failure to

[1] 73 Am. St. Rep. 64.

find upon another count of the complaint upon which issue was joined by the defendant, is not ground for reversal, in the absence of any bill of exceptions or statement of the case showing that evidence was offered upon such issues in the court below.

ID.—APPELLANT NOT PREJUDICED.—Where the court rendered judgment for the plaintiff only on the other counts, which did not include the sum demanded in the count upon which issue was joined, it is manifest that the appellant cannot be prejudiced by the omission to find upon that count.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

J. A. Stephens, for Respondent.

LORIGAN, J.—This is an appeal from a judgment in favor of plaintiff, and the point relied on for a reversal is to be determined from an examination of the judgment-roll, solely, as it is unaccompanied by any bill of exceptions or statement on motion for a new trial. The complaint alleged three separate causes of action, the first for a balance of $808.50 for wire lathing; the second on an assigned claim from one S. V. Mooney for labor performed, amounting to $341.20, "in fitting and putting up wire lathing in the Claus Spreckels Building"; and, third, for labor furnished by plaintiff in the same building, amounting to $341.20, all alleged to have been done and furnished at the request of defendants.

The answer admitted an indebtedness on the first and third counts, but in amounts less than sued on; offered to allow judgment with costs in favor of plaintiff therefor, and specifically denied all the allegations of the second count on the assigned claim of Mooney.

The court made and filed its findings upon the first and third causes of action for the full amounts claimed by plaintiff, but made no finding at all as to the second cause of action, and it is upon this failure to so find that defendants claim error and seek a reversal of the judgment.

Their contention is, that the allegations in the complaint on the second count, and which are denied in the answer, raise material issues upon which it was the duty of the court to find. Whatever merit there might be in this claim of appellants, if the appeal from the judgment was under review in connection with a statement or bill of exceptions containing the evidence submitted on the trial, it is clear that they have no right to raise it on appeal from the judgment alone, where it appears that the findings which the court actually did make fully support that judgment.

The law in that regard is thus stated: "A failure to find upon an issue, the finding upon which might have the effect of invalidating a judgment fully supported by the findings made, is not ground for reversal, unless it be shown by a statement, or bill of exceptions, that evidence was submitted in relation to the issue, sufficient to authorize such a finding as would have the effect to invalidate the judgment." (*Winslow* v. *Gohransen,* 88 Cal. 450.) And to the same effect it is said: "Upon the record before us, we cannot consider the proposition made on behalf of the appellant, that the court has failed to make findings upon certain material issues presented by the pleadings. Upon an appeal from a judgment taken upon the judgment-roll alone, if the judgment is supported by the findings which are made, the failure of the court to make findings upon other issues presented by the pleadings, is not a ground for reversal, unless it appear from the record that evidence was offered upon such issues in the court below, and that a finding thereon from such evidence would countervail the findings actually made to such an extent as to invalidate the judgment." (*Dolliver* v. *Dolliver,* 94 Cal. 646.)

The doctrine of these cases fully disposes of appellants' point. It is beyond question that the findings which the court made on the first and third counts fully sustain the judgment. There is, also, not only no bill of exceptions, or statement on motion for a new trial, showing that any evidence was offered in the court below on the issues made on the second count, but, as every presumption is to be indulged in in favor of the judgment, it is presumed that no evidence on those issues was

offered, and that the claim of plaintiff on that count was abandoned on the trial.

Nor, as far as the judgment is concerned, can we perceive how the failure of the court to make findings upon this second count could have prejudiced appellants, and they certainly have no cause for complaint unless the failure to make such findings had that effect. Nor can we see how findings one way or another could have countervailed the findings actually made so as to affect the judgment. An inspection of the record shows, that the amount sued for in the first and third counts, are the exact amounts the court finds due in the findings and for which judgment is rendered.

If the court had found in favor of plaintiff for the sum claimed in the second count, that finding would not have affected the findings as to the first and third counts, but would have established an additional amount due from appellants, and to that extent would have increased the judgment against them. They certainly cannot complain because the court has not done this. On the other hand, if the court had found in their favor on the second count, such finding could not have affected the other findings as to the amounts found due upon the first and third counts, because these were separate and distinct amounts, having no connection whatever with the claim asserted in the second count. Hence, the failure to find in appellants' favor on their second count worked them no injury. In fact, they were not prejudiced at all.

It is apparent, therefore, that their ground of complaint cannot be considered, and, if it could, it is equally apparent that they were in no manner prejudiced by the failure of the court to find in respect to the matters in issue upon the second count.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.