[Civ. No. 658.    First Appellate District.—December 1, 1909.]

## BERNHEIM DISTILLING COMPANY, a Corporation, Respondent, v. H. ELMORE, Appellant.

ACTION BY FOREIGN CORPORATION—SUFFICIENCY OF COMPLAINT—FAILURE TO ALLEGE COMPLIANCE WITH CIVIL CODE.—In an action by a foreign corporation, a complaint which states a cause of action is sufficient; and its failure to allege that it has complied with the provisions of the Civil Code, as to the filing of a certified copy of its articles of incorporation with the Secretary of State, together with the designation of some one upon whom process might be served, did not go to the cause of action, and is not ground of demurrer.

ID.—OMISSION IN ANSWER—WAIVER OF OBJECTION.—Where the defendant omitted to plead such failure on the part of the plaintiff in his answer, all objection on that ground was thereby waived.

ID.—MATTERS IN ABATEMENT—DILATORY PLEA NOT FAVORED—DISCRETION TO DISALLOW AMENDMENT DURING TRIAL.—The court did not err, but properly exercised its discretion, in refusing to allow the answer to be amended during the trial, to plead such matter in abatement of the action. Pleas in abatement are dilatory pleas, which are not favored; and the proposed amendment did not go to the merits, and was not in furtherance of justice, but for the purposes either of defeating justice or delaying the action.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   John E. Richards, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

C. L. Witten, and R. V. Burns, for Respondent.

COOPER, P. J.—The only question attempted to be raised in this case is that plaintiff was a foreign corporation, and that prior to the commencement of the action it had not filed in the office of the Secretary of State a certified copy of its articles of incorporation and also a designation of some person residing within the state upon whom process might be served, as required by the provisions of the Civil Code.

The failure to allege this compliance with the requirements of the code was not a failure to allege a cause of action, and therefore was not a ground of demurrer.    (*South Yuba Water Co.* v. *Rosa,* 80 Cal. 333, [22 Pac. 222].)

Defendant in its answer did not plead such failure upon the part of plaintiff, and thus waived it.    (Code Civ. Proc., sec. 434; *Cal. Sav. & Loan Society* v. *Harris,* 111 Cal. 133, [43 Pac. 525].)

Nor did the court err in refusing leave to defendant to amend its answer by pleading such matter in abatement during the progress of the trial.    Pleas in abatement are dilatory pleas, are strictly construed, and have never been favored. The amendment sought did not go to the merits.    The trial had been nearly concluded, and the trial court properly exercised its discretion in denying the amendment sought, as it was not in furtherance of justice, but for the purposes either of defeating justice or delaying the action.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.