[Civ. No. 668.   Third Appellate District.—March 5, 1910.]

REED & COMPANY, a Corporation, by Trustees, Respondent, v. ABRAHAM HARSHALL, Appellant.

ORDER DENYING NEW TRIAL—ABSENCE OF BILL OF EXCEPTIONS OR STATEMENT—INSUFFICIENCY OF EVIDENCE—REVIEW UPON APPEAL. Upon appeal from an order denying a new trial, where the record does not contain any bill of exceptions or statement on motion for a new trial presenting the evidence or the substance thereof, the insufficiency of the evidence to sustain the findings cannot be reviewed upon appeal from such order.

Id.—Appeal from Judgment.—Where the appeal is from the judgment, as well as from the order denying a new trial, in the absence of a bill of exceptions or statement, the appeal, in effect, amounts to nothing more than an appeal from the judgment upon the judgment-roll alone.

Id.—Failure to Find upon Material Issue as to Counterclaim—Absence of Evidence—Presumed Abandonment.—Alleged error in failing to find upon a material issue as to a counterclaim of the defendant cannot be reviewed in the absence of the evidence from the record. In such case the presumption is that the defendant abandoned the counterclaim at the trial.

Id.—Argument—Reference to Recitals of Insufficiency—Extra-Judicial Declarations.—References in appellant's brief to folios of the transcript for evidence of the counterclaim, merely embodied in his specifications of insufficiency of the evidence, only disclose extrajudicial declarations, not embodied in a bill of exceptions or statement, of which this court can take no notice.

Id.—Premature Action upon Building Contract not Shown.—The contention of appellant that the action upon a building contract was prematurely brought, based upon a provision therein that the payment of a sum allowed to be due to plaintiff was postponed until after the final completion of the work and after its acceptance and the filing of notice of completion in the office of the county recorder, cannot be considered where the record is wholly silent as to any evidence introduced upon that subject.

Id.—Inapplicable Rule—Proposed Amendments to Statement.—The rule of law that if a proposed statement on motion for new trial is incorrect, it is the duty of the opposite party to propose amendments thereto, has no application where the moving party proposed no statement in the first instance.

Id.—Refusal of Plea in Abatement After Submission of Case—Failure of Foreign Corporation to Comply With Law—Discretion.—The refusal of the court, after trial and submission of the cause, to allow the defendant to file a plea in abatement, by amended and supplemental answer, to set forth the failure of plaintiff, as a foreign corporation, to file with the Secretary of State the designation of a person upon whom process can be served as required by law, was a proper exercise of judicial discretion, with which this court cannot interfere.

Id.—Waiver of Dilatory Plea—Abuse of Discretion.—The fact that the disability of the plaintiff to maintain the action was not pleaded before the cause had come to issue and trial may be taken as a waiver on the part of the defendant of such disability; and it would have been a clear abuse of discretion subsequently to have granted a motion to file a mere dilatory plea though not going to the merits.

ID.—NEW DEFENSE MUST BE EQUITABLE.—A new defense after submission of the cause must be something more than a legal defense; it must be also an equitable defense.

ID.—DILATORY PLEAS NOT FAVORED.—Dilatory pleas are never favored, and are to be strictly construed.

ID.—SHOWING OF FAILURE TO PAY LICENSE TAX—SUBSTITUTION OF DIRECTORS AS TRUSTEES.—Where there was a showing of a defense that the foreign corporation had failed to pay the statutory license tax, the court, under the provisions of the act of 1907 (Stats. 1907, pp. 146, 147), properly exercised its discretion to allow its directors, as trustees, to be substituted to maintain the action in behalf of the corporation.

ID.—PROOF OF DIRECTORS—DEPOSITIONS BY STIPULATION—DE FACTO DIRECTORS—DISCRETION AS TO PROOF.—Where depositions were taken by stipulation of two of the directors testifying as to who were the *de facto* directors elected and acting as such, it was within the discretion of the court, after trial and submission of the cause, to refuse a motion for defendant to issue a commission to prove from the books of the corporation, as the best evidence, as to who were its directors to be substituted as trustees.

ID.—ESTOPPEL OF APPELLANT.—Where defendant not only stipulated to the taking of depositions of two of the directors who had knowledge as to who were the acting directors of the corporation, but also introduced the depositions into the record, he is estopped as appellant from taking advantage of any error in such proof.

ID.—PROPER SETTLEMENT OF FINDINGS.—The court below properly used the depositions so introduced in settling and making up its findings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Joseph Hutchinson, for Appellant.

Gavin McNab, F. H. Gould, and R. V. Whiting, for Respondent.

HART, J.—This action was instituted for the purpose of recovering judgment for the sum of $403, alleged to be due for personal services rendered by plaintiff for defendant.

The answer, in addition to denying the validity of the claim set out in the complaint, pleads a counterclaim, alleging that

the plaintiff is indebted to defendant in the sum of $427.65 for services alleged to have been performed by defendant for plaintiff at the latter's "special instance and request."

The cause was tried by the court and the plaintiff given judgment, from which and the order denying defendant a new trial this appeal is brought to this court.

From the court's findings, it is learned that the sum sued for is an alleged balance remaining unpaid for certain work done under a written contract by the plaintiff for defendant and for which the plaintiff was to receive the sum of $4,403, payable as follows: Two thousand dollars when "one-half the work herein agreed to be done by said contractor shall have been fully completed"; $2,000 when all of said work shall have been fully completed, and $403 "thirty-five days after the final completion and acceptance of said work and the filing, in the office of the recorder of said city and county of San Francisco, state of California, of the notice of completion of said work."

The court found that the services had been performed as alleged in the complaint and that there was due plaintiff the sum of $403, for which it was entitled to judgment. The court further found that, about the first day of November, 1906, the contract was so modified by agreement of the parties that certain of the excavations provided for by said contract might be left unperformed by the plaintiff, and that "certain other excavations on the lot described in the said contract should be made to a greater depth than those provided for in the said contract, which said modifications of contract were subsequently performed in accordance therewith by the said plaintiff"; that on the ninth day of November, 1906, the performance of the said contract was accepted by the said defendant, with the proviso that a certain small amount of work remaining undone should be completed by said plaintiff; "that thereafter, and prior to the commencement of this action, the said work so provided in said modification of said contract was completed in accordance with the terms of said modification of said contract, and that all the terms and provisions of the original contract as modified by said subsequent agreement have been performed by plaintiff."

The propositions presented in appellant's briefs and upon which a reversal of the judgment and order is urged are:

1. That the findings are not supported by the evidence; 2. That the action was prematurely brought; 3. That the court omitted to make a finding on the counterclaim pleaded in the answer; 4. That the court erred in making several orders granting and refusing to grant certain motions made after the case had been tried and while it was yet under submission.

With the exception of a bill embodying exceptions to the orders referred to as having been made by the court after the trial and submission of the issues involved, the record does not present any bill of exceptions or statement on motion for a new trial.   In other words, neither the evidence nor the substance thereof, as taken at the trial on the merits, is brought up either through a bill of exceptions or a statement, and the appeal here, so far as the proceedings had at the actual trial of the cause are concerned, in effect amounts to nothing more than an appeal from the judgment on the judgment-roll alone.

Therefore, there is nothing before us upon which we can review the assignment that the evidence does not sustain the findings and the alleged error of the court in failing to find upon a material issue.   As to the last-mentioned point—the failure of the court to make a finding on defendant's counterclaim—no evidence being disclosed by the record, the presumption is that no evidence upon that issue was presented by the defendant, and that he abandoned the counterclaim at the trial. (*Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Dolliver* v. *Dolliver,* 94 Cal. 646, [30 Pac. 4]; *Roebling's Sons Co.* v. *Gray,* 139 Cal. 608, [73 Pac. 422]; *Cutting Packing Co.* v. *Canty,* 141 Cal. 692, [75 Pac. 564].)

The appellant, in his brief, refers for verification of his declaration that a large amount of evidence was received in support of his counterclaim to folios 168-169 of the transcript, but we find upon an examination of those folios that the reference is to the recitals involved in one of his specifications of particulars in which it is alleged that the evidence does not justify the decision.   Both the statement of counsel for appellant in his briefs and the specifications in the transcript, being unsupported by either a bill of exceptions

or statement of the case, are mere extrajudicial declarations, of which we are not, of course, authorized to take notice.

What is said in the foregoing applies with equal force to the contention that the action was prematurely instituted. This claim is based upon the provision of the contract that the payment of the sum alleged in the complaint to be due plaintiff was to be postponed until after thirty-five days after the final completion and acceptance of the work and the filing of the notice of completion in the office of the county recorder. Counsel declares that the evidence discloses that "no such notice was ever filed," referring for support of the declaration to the folios of the transcript at which are found specifications of the insufficiency of the evidence to justify the findings, apart from which the transcript is silent as to any evidence having been introduced upon the subject.

The authorities cited by counsel for appellant to the effect that, "if defendant's proposed statement on motion for a new trial was incorrect, the respondent's attorney should have proposed amendments to it, so as to have it correct," can, of course, have no application where, as here, no such statement was proposed by the losing party in the first instance.

The defendant excepted to the orders made on the following motions, all said motions having been made, as stated, after the case had been tried and submitted: 1. Defendant's motion for an order directing commission to issue to take the deposition of Charles H. Ingraham, at Santa Fe, New Mexico; 2. Defendant's motion for an order permitting him to file a supplemental answer; 3. Plaintiff's motion to substitute as plaintiffs certain parties as trustees for the stockholders of said plaintiff corporation; 4. Plaintiff's motion for settlement of findings; 5. Defendant's motion for an order permitting him to file amended and supplemental answer.

The first and fifth of the motions in the order in which they are above presented were denied and the others granted by the court.

The order refusing to grant defendant's motion for permission to file an amended and supplemental answer. alleging plaintiff's failure to file in the office of the Secretary of State a designation of some person residing within the state upon whom process issued by authority of or under any law

of this state may be served, constituted the exercise of a judicial discretion with which, under the circumstances of this case, we are not justified in interfering.

The plaintiff is a foreign corporation organized and existing under the laws of Arizona. Section 405 of the Civil Code provides that the above-mentioned designation shall be filed with the Secretary of State, and section 406 of the same code provides, as a penalty for noncompliance with the requirement of the preceding section, that "no corporation not created by or under the laws of this state is entitled to the benefit thereof, nor can any such corporation maintain or defend any action or proceeding in any court of this state until the corporation has complied with the provisions of the preceding section."

It was, as stated, entirely within the discretion of the trial court to allow or disallow the proposed amended answer; but, as the defense sought to be interposed by the proposed supplemental answer involved a mere dilatory plea—a plea in abatement of the action and not to the merits—we doubt not that had the motion been granted, the court would thereby have been guilty of a clear abuse of its discretion. The motion was made *after* the case had been tried upon its merits and submitted for decision, and the fact that the disability of plaintiff to maintain the action was not pleaded before the cause had come to issue and trial may be taken as a waiver on the part of the defendant of such disability. (*California Sav. etc. Soc.* v. *Harris,* 111 Cal. 136, [43 Pac. 525]; *Bernheim Distilling Co.* v. *Elmore, ante,* p. 85, [106 Pac. 720]; *Parmele Co.* v. *Haas,* 171 N. Y. 583, [64 N. E. 440].)

Referring to the law of the state of New York similar in effect to the provisions of our law requiring all corporations to pay an annual license tax to the state and prescribing as a penalty for failure so to do the forfeiture of the right of such corporations to do business in this state, the court in its opinion in the last-mentioned case, at page 583 of 171 N. Y. [64 N. E. 440], says: "The statutes in themselves give no right of action, and are not essential elements of the cause of action stated in the complaint. They are mere revenue regulations, compliance with which is made necessarily in order to acquire the right to do business here and to enforce causes of action in our courts. . . . In this case the defend-

ant may waive the provisions of this statute and defend the action brought against him upon the merits, and unless he elects to defend or raise some question under this statute by some affirmative act or pleading, the court will simply look at the cause of action as stated. (Citing *Crane* v. *Powell,* 139 N. Y. 379, [34 N. E. 911]; *Rowell* v. *Janvrin,* 151 N. Y. 60, [45 N. E. 398]; *Rima* v. *Rossie Iron Works,* 120 N. Y. 483, [24 N. E. 940].) . . . In this case it appears that the defendant has answered, and the answer contains merely a general denial. It would seem to be clear, therefore, that he has waived the right to raise any question based upon the statutes referred to.''

Besides, ''it is not sufficient,'' says the supreme court, in *Bank of Woodland* v. *Heron,* 122 Cal. 109, [54 Pac. 538], ''that the new defense proposed be a legal defense; it should also be an equitable defense.'' (See, also, *Greenwood* v. *Adams,* 80 Cal. 74, [21 Pac. 1134]; *Harding* v. *Minear,* 54 Cal. 502, 506.)

Moreover, ''pleas in abatement, or dilatory pleas, have never been favored, and are to be strictly construed.'' (*California Sav. etc. Soc.* v. *Harris,* 111 Cal. 136, [43 Pac. 525]; *Tooms* v. *Randall,* 3 Cal. 438; *Larco* v. *Clements,* 36 Cal. 132.) In *Cook* v. *Spears,* 2 Cal. 409, [56 Am. Dec. 348], the supreme court, upholding the court below in its disallowance of an amendment setting up the statute of limitations, uniquely and forcefully said: ''It was claimed solely as a legal advantage, to which at one time he would have been entitled; but it is a wise conservation that it should have but its day in pleading, and no grace of right after, beyond the extent of justice.''

Nor did the court abuse its discretion in allowing the substitution of the directors of the plaintiff corporation, as trustees thereof, as plaintiffs in lieu of the corporation itself. By section 102 of an act of the legislature of 1907 (Stats. of 1907, pp. 746, 747), amendatory of the act of 1905 (Stats. of 1905, pp. 493, 494), requiring the payment by corporations of an annual license tax to the state, it is provided that the directors or managers in office of a domestic corporation, whose charter is forfeited, or of a foreign corporation whose right to do business in this state is forfeited, because of failure to pay such tax, are deemed to be the trustees of such

corporation and the stockholders and members of such corporation, and have full power, as such trustees, to settle the affairs of the corporation and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations, etc.

The court, upon motion of counsel for plaintiff, allowed the substitution mentioned in obedience to the provisions of the act of 1907 above referred to, it appearing from a supplemental answer which defendant, by leave of the court, had previously filed, that the plaintiff corporation had not paid to the Secretary of State the required license tax.

It is not pretended by counsel for appellant that, if the corporation had not paid the license tax prescribed by the law, it was not necessary to substitute as plaintiffs the directors of said corporation as the trustees thereof and of the stockholders and members of said corporation. It is the contention, however, that there was not adduced before the court competent evidence from which it could be determined who were the directors of said corporation, and, therefore, the proper parties to be substituted for the corporation as plaintiffs. The record contains a stipulation entered into on June 12, 1908, by the attorneys for the plaintiff and the attorney for the defendant, by which it was mutually agreed that the depositions of Walter G. Hopkins, Charles H. Ingraham and Howard S. Reed (the substituted plaintiffs) might be taken in the city of Los Angeles, and, in pursuance of said stipulation, the depositions of Reed and Hopkins were taken before a notary public, in said city, and returned to the court. Later, by agreement of the parties, another and further deposition by Reed was taken in the city of San Francisco. These depositions were introduced into the record here on motion of counsel for the defendant himself.

The depositions of Reed and Hopkins, in substance, show that the corporation was created and organized under the laws of Arizona, but that its principal office is at Santa Fe, New Mexico; that they and said Charles H. Ingraham, are the directors of said corporation, the latter being secretary thereof and a resident of Santa Fe. It also appears from these depositions that Hopkins had, on the thirtieth day of December, 1906, tendered his resignation as a director and

12 Cal. App.—45

manager of the corporation, and that his resignation as manager, but not his resignation as a director, had been accepted.

The deposition of Ingraham was not taken, as he was not in Los Angeles when the other depositions were taken, being then, as seen, a resident of New Mexico.

The claim of counsel for appellant is that parol testimony is incompetent to prove who the directors or officers of a corporation are; that the books of such corporation constitute the best evidence of the fact.

In connection with the point now under consideration, it is further argued that the court erred in its refusal to cause a commission to be issued to take the deposition of Ingraham at Santa Fe, New Mexico, the contention being that, as secretary of the corporation, he had in his custody and under his control the corporation's books, from which the only competent proof of the directorate could have been obtained.

As stated in the outset, these motions were initiated and pressed to the attention of the court after the cause had been tried upon the merits of the issue, and while, strictly speaking, the books of the corporation would have furnished the highest and best evidence, in law, upon the question of who were the *de jure* directors of said corporation, the testimony of Reed and Hopkins was sufficient to establish at least their *de facto* capacity as directors, and, we think, was sufficient for the purposes of the motion to substitute them as plaintiffs, and to justify the court in granting said motion. These witnesses knew whether they were acting as directors, and even if, in truth, they were only *de facto* directors, they were, according to their testimony, "the directors in office of the affairs of the corporation" at the time of the substitution, and, under the provisions of section 102 of the act of 1907, were to be deemed to be the trustees of the corporation for the purpose of maintaining this action. Furthermore, the depositions were introduced into the record here on the motion of counsel for the appellant himself, and if the court erred in considering them for the purpose of the motion to substitute the directors as plaintiffs, the error is one of which, obviously, appellant cannot claim any advantage.

Necessarily the foregoing disposes of the point against the contention of appellant that the court erred in refusing to issue a commission for the taking of the deposition of In-

graham at Santa Fe, New Mexico; and of necessity it follows, from the views we have expressed upon the rulings of the court with regard to the depositions, that the court did only what it had to do in settling the findings.

No error appearing in the record, the judgment and order appealed from are affirmed.

Burnett, J., and Chipman, P. J., concurred.