[Civ. No. 5832. First Appellate District, Division Two.—July 26, 1927.]

ALBERT J. WILSON, etc., Respondent, v. A. MATTEI, Appellant.

Lewis H. Smith and Claude L. Rowe for Appellant.

Gallaher, Simpson & Hays for Respondent.

THOMPSON (R. L.), P. J., *pro tem.*—This is an appeal from a judgment against the defendant A. Mattei for the sum of $3,026.66 for labor and materials furnished.

The complaint was drawn in three counts. The first clause of action was based upon an alleged open book account; the other two causes were stated upon the common counts for the reasonable value of materials furnished and labor performed incident to certain contracts which were not set up in the pleadings.

The appellant seeks a reversal (1) because the contracts required all extra work to be previously authorized in writing by the architect, (2) the contracts provided that all disputes concerning extra work must be submitted to arbitration as a condition precedent, (3) that the contracts author-

ized the architect and the engineer to settle all disputes regarding the meaning of the plans and specifications, (4) that the findings are uncertain and contradictory, and (5) that the court failed to find on material issues.

Plaintiff's assignor entered into two separate contracts with the defendant A. Mattei, one for the construction of a building on defendant's lots in the city of Fresno, and the other for the installing of a heating plant in that same building. Some time after the completion of the contracts and acceptance of the work by the defendant, the plaintiff brought this action, not upon the contracts, but for the reasonable value of materials furnished and labor performed, without enumerating specific items. Without demurring, the defendant answered to the merits of the cause categorically denying his liability, but affirmatively alleging the payment of $912.91 to plaintiff on account, and claimed credit for the payment of two additional items amounting to the sum of $129.86. He also set up by way of counterclaim damages in the sum of $271.84 incurred as the result of a fire which occurred from the alleged negligence of plaintiff in the course of the construction of the building. The contracts incident to which said extra materials and labor were supplied by plaintiff, were set up in neither the complaint nor the answer. The cause was tried upon its merits. The contracts were received in evidence. The testimony was conflicting, but there was substantial evidence to the effect that plaintiff furnished the items of extra materials and labor not included within the contracts, and of the reasonable value thereof. There was no substantial evidence of the existence of a book account. At the trial plaintiff offered proof concerning eighteen separate items aggregating the sum of $4,158.49, a list of which items plaintiff's attorney read to the court as follows:

"1. Installing extension loops..................$347.00
2. Work and material, fire loss................ 78.21
3. Changing radiator, first floor............... 365.00
4. Extending chilled water pipe............... 492.00
5. Balance due on original contract............ 153.36
6. Making steam changes..................... 306.15
7. Changing pipes .......................... 49.12
8. Changing gas meter ....................:..... 102.98
9. Changing pipes .......................... 32.20

| 10. | Changing sprinkler main | 39.94 |
| 11. | Safety valve and pipe | 1315.70 |
| 12. | Steel plate under meter | 4.50 |
| 13. | Running water to turbine | 54.28 |
| 14. | Running water to turbine | 24.92 |
| 15. | Changing radiator 6th floor | 170.11 |
| 16. | Changing radiator 6th floor | 25.34 |
| 17. | Turn buckle hanger | 255.30 |
| 18. | Vent pipe from blowoff tank | 342.38 |
| | Total | $4158.49" |

After reading this list plaintiff's attorney, Mr. Gallaher, said: "Of these items the defendant admits the following: 3, 4, 5, 15 and 17." This statement was not contradicted by defendant's attorney. ■ His silence, together with the subsequent colloquy between counsel on this subject, impels the court to conclude that defendant assented to this statement and warrants a finding that the validity of these five items was conceded by defendant.

Subsequently, in the examination of a witness on the subject of these items, Mr. Gallaher said: "17 was admitted?" To which Mr. Smith, defendant's attorney, replied: "Yes, and 18." From the record it must therefore be assumed that defendant stipulated to the validity of these six items.

It was also conceded that defendant paid plaintiff on account of these items the sum of $912.91. Defendant also claimed credit for the balance of said stipulated items in damages alleged to have been sustained on account of the fire, and for the payment of two additional bills in behalf of plaintiff.

The trial court found that the contracts had been fully performed, and that "It is true that . . . the defendant did become indebted to the plaintiff in the sum of $4069.43 upon an account for labor and materials furnished to the defendant . . . by the plaintiff . . . "; that the defendant had paid plaintiff, and was entitled to credit on that account for the sum of $912.91, together with two additional items amounting to $129.86, making a total credit due defendant of the sum of $1,042.77.

The court then specifically found that the plaintiff did supply materials and furnish labor at the special instance and request of defendant, of the reasonable value specifi-

cally enumerated, and that "all of said charges and items herein specified . . . were extra and not included within the work specified in said contract . . ." The items so allowed plaintiff in the findings were:

| | |
|---|---|
| Changes in first floor radiators | $ 365.00 |
| Extending water-pipes | 492.00 |
| Changes in sixth floor radiators | 170.11 |
| Installing turn-buckle hangers | 255.30 |
| Replacing gas-meters | 102.98 |
| Installing expansion loops in main pipes | 347.00 |
| Changing steam-pipe apparatus | 306.15 |
| Changing pipe at ceiling | 32.20 |
| Placing steel plate under meter | 4.50 |
| Installing water-pipes for turbine | 79.20 |
| Changing radiators | 25.34 |
| | |
| Total items specifically allowed plaintiff | $2,179.78 |
| Additional stipulated item number 5 | 153.36 |
| Additional stipulated item number 18 | 342.38 |
| | |
| Total credit to which plaintiff is entitled | $2,675.52 |
| Less total credit allowed defendant | 1,042.77 |
| | |
| Net balance to which plaintiff is entitled | $1,632.75 |

The court failed to adopt a specific finding with reference to the foregoing item number 5 for $153.36. But when an issue is admitted by stipulation, findings as to such fact become unnecessary. (*Alderson* v. *Cutting,* 163 Cal. 503 [Ann. Cas. 1914A, 1, 126 Pac. 157]; *Fernandez* v. *Watt,* 26 Cal. App. 86 [146 Pac. 47].) In the last case cited the court said: "It needs no citation of authority to support the proposition that findings upon admitted facts are not required, and that a judgment will not be disturbed because of a real or apparent conflict in such findings."

With respect to items numbered 11 and 18, the first being the sum of $1,315.70 for "safety valve pipes," and the latter for the sum of $342.38, being for "vent pipes from blow-off tank," the court found: "That said safety valve escape pipe and said vent pipe from the blow-off tank were to be installed under said contract *by the plaintiff* at his own cost and expense."

■ It is contended by respondent that the court inadvertently found that these two items "were to be installed . . . *by the plaintiff* at his own cost . . . ," whereas it intended to find that they were to be installed by the defendant at his own cost. This contention is strongly supported by the provisions of the contract which was received in evidence. But the paramount issue at the trial was the question as to whether plaintiff or defendant was required to bear the cost of installing these items. There is a conflict of evidence with respect to the first item for $1,315.70, which was not stipulated to. Under this state of the record, it cannot be said on appeal that the term "plaintiff" was inadvertently used, instead of that of defendant. This court must hold that the trial court intended to find just as it did find that this item "was to be installed *by the plaintiff* at his own cost." ■ But with respect to the last item number 18, for the sum of $342.38, the finding is flatly in conflict with the admission stipulated to at the trial. So far as that particular item is concerned, the finding should therefore be disregarded, and the stipulation should control. By the stipulation that item, number 18, was taken out of the issues of the trial; no finding on that subject was necessary, and the erroneous finding should therefore be disregarded. This will have the effect of crediting this item to plaintiff as a stipulated fact.

■ "A court in its findings should not deviate from the facts . . . which are contained in a stipulation of the parties made in the course of a trial as a substitute for evidence. Findings contrary to such admissions are outside the issues." (24 Cal. Jur. 982, sec. 211; *Carpentier* v. *Small,* 35 Cal. 346; *Henning* v. *Wuest,* 48 Cal. App. 147 [191 Pac. 713].) Where the court finds adversely to stipulated, or admitted, facts, such findings should be disregarded. (*Welch* v. *Alcott,* 185 Cal. 731, 754 [198 Pac. 626].)

■ There was no specific finding with respect to other items for which plaintiff claimed credit, aggregating the sum of $242.42. Since the court definitely specified each separate item allowed, together with the respective amounts, it must be assumed that the omission to allow certain items indicates that the court intended to disallow them. Since

this failure to allow these additional items is favorable to the defendant, he may not complain of this omission.

It therefore appears from the findings by mere mathematical calculation, that the total reasonable value of materials and labor supplied by the plaintiff, and either found by the court or stipulated to, amounts to the sum of $2,675.52, instead of the sum of $4,069.43 inaccurately stated by the court as the total sum, and that after deducting the sum of $1,042.77 found to be a valid credit to which defendant is entitled, there remains due to the plaintiff the net sum of $1,632.75. This solution appears from a construction of the findings upon their face.

A mere inaccurate conclusion or erroneous computation of figures, as to the aggregate amount of a judgment, which satisfactorily appears from the face of the findings, is not reversible error, and should be reconciled, giving way to the true sum secured by a correct computation of the value of the items specifically enumerated in the findings. "Where the court, in addition to general findings makes specific findings . . . the latter control in the case of inconsistency." (24 Cal. Jur. 974, sec. 206.)

Findings should be liberally construed in support of a judgment, and should be reconciled, if reasonably possible and unless a conflict is clear and irreconcilable, a judgment will not be reversed. (*Ames* v. *City of San Diego,* 101 Cal. 390 [35 Pac. 1005]; *Price* v. *Occidental Life Ins. Co.,* 169 Cal. 800 [147 Pac. 1175]; *Goodwin* v. *Snyder,* 70 Cal. App. 98 [232 Pac. 763]; *Breyfogle* v. *Tighe,* 58 Cal. App. 301 [208 Pac. 1008].)

The appellant urges the necessity of a reversal for failure of the court to find upon his claim for damages · in the sum of $271.84 on account of the fire alleged to have occurred through the negligence of plaintiff. It appears that the court did find "that a fire . . . injured and destroyed work and materials *of the plaintiff* of the value of $78.21 . . . which were replaced by plaintiff . . . at a cost of $78.21," but failed to find that any damages resulted *to defendant's property.* This failure, however, is not reversible error, since, while there is ample evidence to indicate that damages did result to defendant's property from a fire which occurred through the fault of plaintiff, yet our attention has been called to no evidence, and we are unable

to find any in the record indicating the *amount* of pecuniary loss, if any, which was sustained by defendant thereby.

 The contracts having been completed and accepted by the owner, and nothing remaining except the payment of the money, the contractor was authorized to maintain his action based upon the doctrine of the common counts for the value of the materials furnished and labor performed, instead of suing upon the contract. (*Castagnino* v. *Balletta,* 82 Cal. 250, 258 [23 Pac. 127]; *Blodgett Co.* v. *Bebe Co.,* 190 Cal. 665 [26 A. L. R. 1070, 214 Pac. 38].) Under such a form of pleading, the contract was competent evidence on the trial ''as an admission of the standard of value, or as proof of any other fact necessary to the recovery.'' (*Reynolds* v. *Jourdan,* 6 Cal. 108; *Castagnino* v. *Balletta, supra.*)

 The defendant contends that plaintiff is barred from recovery in this action because he failed to comply with the provisions of the contract which required him as a condition precedent to submit the dispute to arbitration. The contract provided: Should any dispute arise respecting the value of extra work, or works omitted, the same shall be valued by two men—one selected by the owner, and the other by the contractor, and in case they cannot agree, these two shall have power to name an umpire whose decision if agreed to by one of the two shall be final.''

The general rule with respect to arbitration is announced in 5 C. J. 42, as follows: ''An agreement to submit to arbitration, not consummated by an award, is no bar to a suit at law or in equity concerning the subject matter submitted.'' But, as an exception to the foregoing general rule, that same authority at page 43, section 69, declares that ''Where a contract contains a stipulation, not that all questions arising thereunder . . . shall be submitted to arbitration, but that the decision of arbitrators on a certain question or questions, such as the quantity, quality, or price of materials or workmanship, the value of work, the amount of loss or damage, or the like, shall be a condition precedent to the right of action *on the contract itself,* no fixed sum being stated in the contract, such stipulation will be enforced. . . . '' In support of this claim that the plaintiff is barred from maintaining this action, the defendant relies upon the case of *Davisson* v. *East Whittier Land etc. Co.,* 153 Cal. 81 [96 Pac. 88], where the court held that non-

compliance with an agreement to arbitrate, which agreement was couched in substantially the same language as the one in the instant case, was a complete bar to recovery for the value of extra work performed. But in that case the defendant set up the arbitration clause of the contract in an amended answer, as a special plea in abatement. In the instant case the contract was mentioned in neither the complaint nor the answer. By his failure to plead plaintiff's noncompliance with the provision of a contract agreeing to submit to arbitration the value of extra materials furnished, the defendant waived that defense. (*Chamberlin* v. *Hibbard*, 26 Or. 428 [38 Pac. 437]; *Borg* v. *Utah Const. Co.*, 117 Or. 22 [242 Pac. 600]; 2 Bancroft's Code, Pleading, 1268, sec. 869. ▮ Likewise the failure of the defendant to plead as a bar to this action the provision of the contract requiring all extra work to be first authorized by the architect, as well as the clause authorizing the engineer and architect to settle all controversy over the meaning of the plans and specifications, was a waiver of the defenses.

▮ A defense based on the incapacity of a plaintiff to sue is regarded as a plea in abatement. (1 Cal. Jur. 38, sec. 18.) ▮ Where the capacity to sue does not appear on the face of the complaint, it must be raised by answer or it is deemed to have been waived. (*Reed & Co.* v. *Harshall*, 12 Cal. App. 697, 703 [108 Pac. 719]; *Bernheim Distilling Co.* v. *Elmore*, 12 Cal. App. 85 [106 Pac. 720]; *California Sav. & L. Soc.* v. *Harris*, 111 Cal. 133 [42 Pac. 525]; 21 Cal. Jur. 139.) *Chamberlin* v. *Hibbard, supra,* was an action to foreclose a mechanic's lien. The defendant sought to defeat the action for failure on the part of the plaintiff to submit the dispute to arbitration pursuant to the terms of their contract. Similar to the situation in the instant case, the defendant in that case failed to set up the arbitration clause of the contract as a plea in abatement. The court said: "The plaintiff did not set out a copy of his contract in his complaint, but brought his suit for the reasonable value of his extra work, and hence his complaint states a cause of action. . . . The defendant set out a copy of said contract in his answer, but he did not plead its provisions to settle by arbitration any dispute arising thereunder in abatement of the suit. The defendant's right

to have the alterations valued by arbitrators was one which he could waive, and by pleading to the merits he waived the matter in abatement.''

We are, therefore, of the opinion that the findings are not in irreconcilable conflict; that they support a judgment for plaintiff for the sum of $1,632.75; that the findings are sufficiently supported by the evidence, and that defendant waived his defense of lack of authorization for the extras, as well as the requirement to arbitrate, by his failure to plead those provisions of the contract.

For the foregoing reasons the judgment is modified to conform to the findings and the trial court is directed to enter judgment against the defendant for the sum of $1,632.75, and as so modified the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.