[Civ. No. 13634. Second Dist., Div. Two. July 24, 1942.]

RUTH LYLE, Respondent, v. CLAYTON H. LYLE, Appellant.

Roy J. Farr for Appellant.

Arch G. McLay for Respondent.

McCOMB, J.—From an order awarding the custody of the parties' minor children to plaintiff on an application to modify the terms of an interlocutory decree of divorce, defendant appeals.

So far as material here, the essential facts are:

By an interlocutory decree of divorce the trial court awarded to defendant the custody of the minor children of plaintiff and defendant. Thereafter plaintiff made a motion

to modify the decree by having the custody of the children awarded to her. At the time this motion came on for hearing the following colloquy occurred between counsel for plaintiff, Mr. Farr, and the court:

"Mr. Farr: I might state that we suggested Your Honor appoint an investigator. There are children involved.

. . . . . . . . . . . .

"The Court: I understand that. I will have an investigator go into it."

Thereafter the court appointed an investigator who made a report which the court approved and the court thereafter ordered that the custody of the children be awarded to plaintiff. It is conceded that the entire evidence upon which the order was made consisted of an affidavit which plaintiff filed in support of her motion and the report of the investigator appointed by the court.

Defendant urges that the order should be reversed, for the reason *that the court was without authority to delegate to an assistant the duty of investigating the conditions surrounding the children and to base its order upon the report of such assistant.*

Defendant may not urge the foregoing proposition as ground for reversal of the order of the trial court, for the reason that the law is established that a party cannot successfully complain of error in the trial court which he has himself invited. (*Van Der Veer* v. *Winegard,* 41 Cal. App. (2d) 518, 521 [107 P. (2d) 97]; *Reed & Co.* v. *Harshall,* 12 Cal. App. 697, 706 [108 Pac. 719]; 5 C. J. S. (1937), Appeal and Error, 173, § 1501; 2 Cal. Jur. (1921), 847, § 496.)

In the present case it is evident that the investigator was appointed at the suggestion of defendant's counsel and that no objection was made to the court's receiving and acting upon the investigator's report. Therefore, defendant has waived any error in the course followed by the trial judge.

The opinion of this court upon the use of investigators in domestic relations cases is ably expressed by Mr. Justice Hanson in *Washburn* v. *Washburn,* 49 Cal. App. (2d) 581, 589 [122 P. (2d) 96], and the views therein expressed we again approve and commend to the careful consideration of the trial judges handling domestic relations cases.

For the foregoing reasons the order is affirmed.

Moore, P. J., concurred.