[S. F. No. 1641.   Department Two.—December 27, 1900.]

## JOHN JENKIN, Appellant, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Respondent.

ACCIDENT INSURANCE—BURDEN OF PROOF—DEATH FROM GUNSHOT WOUND—PRESUMPTION OF ACCIDENT.—In an action upon an accident insurance policy, the burden of proof resting upon the beneficiary and her assignee to prove that the death of the insured was accidental is sustained by proof that he died from a gunshot wound. aided by the presumption, in the absence of legitimate proof that the death was caused by suicide or murder, that it was the result of an accident.

ID.—FINDING AGAINST LEGAL EFFECT OF EVIDENCE—REVERSAL OF ORDER REFUSING NEW TRIAL.—A finding that the death of the insured was not accidental, made against the legal effect of the evidence, is ground for the reversal of an order denying a new trial.

ID.—INCOMPETENT EVIDENCE—DECLARATION OF DECEASED—HEARSAY—GOSSIP.—As against the beneficiary and her assignee, the declarations of the deceased, not accompanying nor explanatory of any act, made an indefinite time previous to his death, tending to show that he contemplated suicide are incompetent, and it is error to refuse to strike them out upon motion; and such evidence, and other hearsay and incompetent evidence of gossip concerning the cause of his death, cannot be considered as against the presumption of accidental death.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Seawell, Judge.

The facts are stated in the opinion.

Wilbur G. Zeigler, and Martin Stevens, for Appellant.

Fox, Kellogg & Gray, and W. L. Pierce, for Respondent.

GRAY, C.—On the trial of this case, before the court without a jury, the judgment was for defendant and the plaintiff brings this appeal from an order denying his motion for a new trial.

This action is brought by the assignee of the beneficiary of an accident policy issued by defendant to George Douglas Atcherly Crosbie in the lifetime of said Crosbie. By the terms of the policy the sum of ten thousand dollars was to be paid to Mrs. Annie Mercer George (grandmother), "after due notice and satisfactory proof that the insured has, during the continuance of this policy, sustained such violent and accidental injuries as shall externally be visible upon his person, and which alone shall have caused his death within ninety days from the time of the happening of such accident." The agreement under which the policy issued provides that the insurance shall not cover death resulting from "intentional injuries inflicted by the insured or any other person"; also that "the claimant shall establish affirmatively under any claim or proceeding thereunder that the injury or death resulted from actual accident according to the policy."

In the specification of particulars in which the evidence is insufficient to support the findings appellant attacks the following finding of the court: "The said George D. A. Crosbie did not, prior to his death, or at the time thereof, receive any accidental injury, and did not die of accidental injury." In his brief, also, appellant's principal contention is directed against this finding.

The evidence without conflict shows that the insured died of a gunshot wound some two days after the same was inflicted; that a bullet entered his body from the front between the sixth and seventh ribs, or thereabouts, wounding the pleura and lung. The manner in which the wound was inflicted does not appear from the evidence, except as it may be inferred from the nature and location of said wound. No person is shown to have been present with the insured at the time he received the mortal injury; and his statements to the physician and others as to how he came to be wounded were, properly we think, stricken out

by the court on motion of defendant. Some testimony was elicited on behalf of the defendant to the effect that, an indefinite number of days before he was shot, insured had made several declarations tending to show that he contemplated suicide. As against the beneficiary and her assignee these declarations, not accompanying nor explanatory of any act, were not competent evidence, and the court erred in refusing to strike them out on motion of plaintiff. (*Yore v. Booth*, 110 Cal. 238[1]; 2 Bacon on Benefit Societies and Life Insurance, sec. 460; *Fraternal etc. Ins. Co. v. Applegate*, 7 Ohio St. 292; *Washington Life Ins. Co. v. Haney*, 10 Kan. 525; *Dial v. Valley etc. Assn.*, 29 S. C. 560; *Schwarzbach v. Ohio Valley etc. Union*, 25 W. Va. 622[2]; *Griffith v. New York Life Ins. Co.*, 101 Cal. 627.[3]) It is also clear that the testimony of Colonel Green that Crosbie's death made quite a sensation, "owing to the question which was brought up as to whether it was suicide or murder," should have been stricken out as requested by plaintiff. This hearsay and incompetent evidence as to the declarations of the insured, and the gossip concerning the cause of his death, should, therefore, be ignored; and all the evidence left us, then, from which to determine whether the wound on the insured was inflicted accidentally or purposely is the nature and character of the wound itself.

The burden is undoubtedly on the plaintiff by the very terms of the contract to show that the wound was inflicted accidentally, but it is not necessary, for him to make out his case, that he should produce the direct testimony of eyewitnesses. If the circumstances placed in evidence, and the inferences to be drawn therefrom, and the presumptions arising thereon, point clearly to an accidental injury, the plaintiff has made out a *prima facie* case and is entitled to a finding in his favor. There is nothing, perhaps, in the character or location of the wound to indicate from a mere inspection of it that it was inflicted accidentally rather than willfully; but when we consider that it is contrary to the general conduct of sane men to take their own lives, and that all the presumptions are in favor of sanity and against crime, we are impelled to the conclusion that the insured must have received his injury as the result of an acci-

---

[1] 52 Am. St. Rep. 81.      [3] 40 Am. St. Rep. 96.

[2] 52 Am. Rep. 227.

dent. In the absence of evidence to that effect, it will not be presumed that the insured purposely took his own life nor that he was murdered, and if he did not take his own life willfully, and his life was not taken by another under circumstances making it a crime, then, we think, his death must be attributed to accidental causes. (*Richards v. Travelers' Ins. Co.*, 89 Cal. 170.[4]) That the courts will presume that the death was the result of an accident, when nothing more is shown than that it was brought about by a violent injury, and the character of such injury is consistent with the theory of accident, seems to be a rule upheld by the great weight of authority. (*Traveller's Ins. Co. v. McConkey*, 127 U. S. 661; *Mallory v. Traveller's Ins. Co.*, 47 N. Y. 52[5]; *Cronkhite v. Traveller's Ins. Co.*, 75 Wis. 116[6]; *Traveller's Ins. Co., v. Sheppard*, 85 Ga. 751, 802; *Standard Life etc. Co. v. Thornton*, 100 Fed. Rep. 582; *Stephenson v. Bankers' Life etc. Co.*, 108 Iowa, 637; *Insurance Co. v. Bennett*, 90 Tenn. 256[7]; *Jones v. United States etc. Acc. Assn.*, 92 Iowa, 652; *Couadeau v. American Acc. Co.*, 95 Ky. 280; *Konrad v. Union etc. Co.*, 49 La. Ann. 636; *Goldenkirch v. United States Acc. Assn.*, 5 N. Y. Supp. 428.) The finding complained of is contrary to the evidence under the rule and should have been the other way.

We therefore advise that the order be reversed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.

---

[4] 23 Am. St. Rep. 455.
[5] 7 Am. Rep. 410.
[6] 17 Am. St. Rep. 184.
[7] 25 Am. St. Rep. 685.