[Sac. No. 2116. In Bank.—April 6, 1915.]

## AGNES M. PRICE,. Appellant, v. OCCIDENTAL LIFE INSURANCE COMPANY, Respondent.

ACCIDENT INSURANCE—BODILY INJURIES EFFECTED THROUGH EXTERNAL, VIOLENT, AND ACCIDENTAL MEANS—FINDINGS—KILLING INVITED BY INSURED.—In an action on a policy of accident insurance insuring "against bodily injuries not intentionally self-inflicted . . . and effected directly and independently of all other causes through external, violent and accidental means," a finding that the insured sustained bodily injuries, resulting in his death, from a bullet fired from a revolver in the hands of a third person, and that the death did not "result directly and independently of all other causes from bodily injuries effected through external, violent and accidental means" nor from "accidental causes," is a finding of fact, and on appeal from a judgment in favor of the insurer, in the absence of the evidence, must be construed to mean that the insured was killed in an encounter with deadly weapons, which he had himself invited and brought on, and thus voluntarily assumed the risk of death.

ID.—BENEFICIARY MUST PROVE INJURY RESULTED FROM ACCIDENT.—The beneficiary under such policy was bound to affirmatively establish that the death of the insured resulted from accident. It was not incumbent on the defendant to negative accident.

ID.—CONSTRUCTION OF FINDINGS—SUPPORT OF JUDGMENT.—Findings made by the trial court must be given a liberal construction in support of the judgment, and are, if possible, to be reconciled so as to prevent any conflict upon material points.

ID.—ACCIDENT DEFINED.—The term "accident" means "a casualty"— something out of the usual course of events, and which happens suddenly and unexpectedly, and without any design on the part of the person injured.

ID.—KILLING RESULTING FROM FIREARM DISCHARGED BY ANOTHER—INFERENCE OF ACCIDENT MAY BE REBUTTED.—The fact that the

insured was killed by a bullet from a firearm discharged by another would, standing alone, justify, if not require, the inference that the killing was, as to the insured, accidental. But this is an inference which may be overcome by other evidence.

APPEAL from a judgment of the Superior Court of Madera County. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Robert L. Hargrove, for Appellant.

Chamberlain & Page, Raleigh E. Rhodes, Benjamin E. Page, and Arthur C. Hurt, for Respondent.

SLOSS, J.—The plaintiff appeals from a judgment in favor of defendant in an action on a policy of accident insurance. The evidence is not before us, and we are called upon to determine the one question, whether the findings of fact support the judgment.

By the policy, William A. Price, the husband of plaintiff, was insured in the principal sum of two thousand five hundred dollars, "against bodily injuries not intentionally self-inflicted, sustained by the insured while sane, and effected directly and independently of all other causes through external violent and accidental means (suicide, sane, or insane, not included)." The policy was made payable, in case of death, to the plaintiff.

The complaint set up a cause of action based on the death of Price. The findings which raise the question to be decided are as follows:

"That on the 5th day of July, 1910, . . . said William A. Price . . . sustained bodily injuries from a bullet then and there striking and entering his body, from a revolver then and there discharged by the hands of one Frank Kates, by reason whereof the said William A. Price then and there died. The court finds that the death of the said William A. Price did not result directly and independently of all other causes from bodily injuries effected through external, violent, and accidental means. That the death of said William A. Price did not result from accidental causes."

The contention of the appellant is that the specific findings regarding the cause and manner of Prices's death conclu-

sively establish that the death resulted from violent, external, and accidental means  The further finding that death did not result from accidental means is asserted to be a mere conclusion, and a conclusion at variance with the specific facts found.

The plaintiff was bound to establish, as a part of her case, that death resulted from accident. It was not incumbent on the defendant to negative accident. The insuring company was not relying upon any exception, forfeiture, breach of warranty, or other affirmative ground of defense. The contract was one which insured against death resulting from injuries "effected directly . . . through external, violent, and accidental means." In order to recover, the plaintiff was bound to allege and prove an injury of the kind covered by the contract, i. e., one effected through external, violent, and accidental means. (1 Cyc. 289; *Carnes* v *Iowa State Assoc.,* 106 Iowa, 281, [68 Am. St. Rep. 306, 76 N. W. 683]; *National Mas. Assoc.* v. *Shryock,* 73 Fed. 775, [20 C. C. A. 3]; *Jenkin* v. *Pacific Mut. L. Ins. Co.,* 131 Cal. 121, [63 Pac. 180].) Whether or not Price's death resulted from accidental means was a material issue presented by the pleadings, and the finding on this issue was one of fact.

The findings made by the trial court must, under our settled rule, be given a liberal construction in support of the judgment, and are, if possible, to be reconciled so as to prevent any conflict upon material points. (*Ames* v. *City of San Diego,* 101 Cal. 390, [35 Pac. 1005]; *Murray* v. *Tulare Irr. Co.,* 120 Cal. 311, [49 Pac. 563, 52 Pac. 586]; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac 309]; *People's Home Sav. Bank* v. *Rickard,* 139 Cal. 285, [73 Pac. 858].) If we can, without transgressing the bounds of fairness and reason, conceive of any state of facts upon which all of the findings would be true, we are bound to assume that this state of facts was shown. The term "accident" is. defined in *Richards* v. *Travelers' Ins. Co.,* 89 Cal. 170, [23 Am. St. Rep, 455, 26 Pac. 762], as "a casualty—something out of the usual course of events, and which happens suddenly and unexpectedly, and without any design on the part of the person injured." The fact that the insured was killed by a bullet from a firearm discharged by another person would, standing alone, justify, if not require, the inference that the killing was, as to the insured, accidental. (*Jenkins* v. *Mutual Life Ins. Co.,*

131 Cal. 121, [63 Pac. 180].)   But this is an inference which may be overcome by other evidence.   If it should appear that the killing had been the result of an encounter with deadly weapons, and that the deceased had himself invited and brought on such conflict, the fatal result would not have been accidental so far as he was concerned.   A situation of this kind was presented in *Taliaferro* v. *Travelers' Prot. Assoc.,* 80 Fed. 368, [25 C. C. A. 494].   Here the court, in upholding a directed verdict in favor of the insurance company, said:   "Where a person thus invites another to a deadly encounter, and does so voluntarily, his death, if he sustains a mortal wound, cannot be regarded as accidental by any definition of that term which has heretofore been adopted.   It might as well be claimed that death is accidental when a man intentionally throws himself across a railroad track in front of an approaching train, or leaps from a high precipice, or swallows a deadly poison.   It is possible that death may not result from either of these acts, but death is the result which would naturally be expected, and, if such is the result, it is not accidental."   The case is directly in point, and we think its reasoning is convincing.   *Lovelace* v. *Travelers' Prot. Assoc.,* 126 Mo. 104, [47 Am. St. Rep. 638, 30 L. R. A. 209, 28 S. W. 877], relied on by appellant, is not in conflict. There the deceased had engaged in a quarrel, in the course of which he was killed, but it did not appear that he drew a weapon, or that he knew his opponent was armed.   It was very properly held that the killing was "accidental," because the circumstances did not show that the insured "voluntarily assumed the risk of death."   Here, however, in the absence of the evidence produced below, we must take the facts to be that Price did voluntarily assume the risk of death.   If he did, the findings are reconcilable, and support the judgment.

The judgment is affirmed.

Shaw, J., Lorigan, J., Henshaw, J., Melvin, J., and Angellotti, C. J., concurred.