[Civ. No. 2447.   Third Appellate District.—June 23, 1922.]

## W. R. BREYFOGLE, Appellant, v. W. C. TIGHE et al., Respondents.

[1] CONVERSION—SIGNBOARD—REALTY—EVIDENCE—FINDINGS. — In this action for damages for the alleged conversion of a combined fence and signboard which plaintiff claimed belonged to him as part of his realty, the evidence was sufficient to support the findings of the court to the effect that said signboard was erected upon the property with the express consent of plaintiff and his then co-owner, one of the defendants, and that it did not become part of the realty.

[2] Findings—Pleading—Ultimate Facts.—It is not necessary that the findings of the trial court on material issues shall follow the pleadings. If the findings, taken together, are such that the court can say the ultimate facts necessarily result therefrom, they are sufficient.

[3] Id.—Construction.—Findings are to be given a liberal construction in support of the judgment.

[4] Fixtures—Realty—Test.—In determining whether personal property attached to land becomes a part of the realty there are three general tests which may be applied: First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold.

[5] Id.—Intention—Evidence.—The test of intention to be applied in determining whether personal property attached to land becomes a part of the realty does not merely imply the secret action of the mind of the owner of the property, nor need it be expressed in words, but it is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made.

APPEAL from a judgment of the Superior Court of Madera County. S. L. Strother, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Harry I. Maxim and J. J. Coghlan for Appellant.

Fee & Ring for Respondents.

FINCH, P. J.—The complaint alleges that the defendants "unlawfully and with force broke into and entered upon the plaintiff's land and premises (lot 2 in block 40 of the city of Madera) . . . and took down and removed therefrom a certain combined fence and signboard then and there standing on, being attached to, and a part of said real property from said land, and converted said fence and signboard to their own use, to the damage of said plaintiff in the sum of $250, the value of said combined fence and signboard removed as aforesaid, and to the further damage to said real property in the amount of $75."

The answer in effect admits the entry and removal of the property but denies that such entry and removal were unlawful. Defendant Tighe alleges "that Tighe-Breyfogle Company is now and at all times in the amended complaint mentioned it has been a corporation . . . carrying on and conducting a general mercantile business . . . and down to about the 1st day of March, 1919, plaintiff and defendant W. C. Tighe were stockholders, officers and directors of said corporation and during all of said times down to about the 26th day of March, 1919, said plaintiff and said defendant Tighe were the joint owners of the said lot 2 in block 40 aforesaid. . . . That . . . said Tighe-Breyfogle Company, for the purpose of advertising its goods, wares and merchandise, caused to be erected" the signboard "which was thereafter used exclusively for said purpose by said corporation down to the time of the removal thereof"; that about March 28, 1919, the corporation acquired from plaintiff all of the capital stock in the corporation then owned by him and that in consideration thereof the defendant Tighe conveyed his interest in said lot 2 to the plaintiff; "that at the time said deed of conveyance was delivered to said plaintiff by the said Tighe it was understood and agreed between the said parties that said corporation should have the right to maintain said signboard upon the said property aforesaid, to wit: lot 2 in block 40, so long as the same was mutually agreeable between the parties or until said plaintiff desired to make use of said property for building purposes," the corporation to pay plaintiff a monthly rental for the right "to maintain said signboard upon said lot of land aforesaid."

[1] The court found in accordance with the denials and averments of the answer and further, that the signboard was erected "with the express assent and consent of plaintiff herein and W. C. Tighe, the owners of said lot 2 in said block 40." While the evidence is conflicting, it amply supports the findings. The signboard was of galvanized iron, forty-eight feet in length and, according to the various estimates of the witnesses, eight to twelve feet in height. It was placed along the edge of the lot, which had no building upon it. It served the purpose of a fence as well as that of a signboard. The plaintiff testified that it was erected primarily as a fence but made higher

than otherwise would have been necessary in order that it might be used as a signboard. The defendant Tighe testified that the structure was erected for use as a signboard and not with the intention of making it a part of the realty; that he and plaintiff both consented to its being placed there by the corporation; that Tighe was at all times president and general manager of the corporation; that at the time he conveyed his interest in the lot to plaintiff the latter said "that the sign could stay there until he wanted to use the lot"; that a few weeks before the signboard was removed the plaintiff notified the corporation "that if the sign wasn't removed in thirty days it was Mr. Breyfogle's sign then." The signboard was not removed within the thirty days specified but was taken away shortly after the expiration thereof. It was removed under the direction of defendant Tighe, acting in his capacity as president and general manager of the corporation, by the other defendants who were employees of the corporation.

Appellant contends that the answer does not state facts sufficient to constitute a defense. It may be conceded that the answer is not a model of good pleading, but the plaintiff did not demur thereto and the case was tried upon the theory that an issue was raised as to whether or not the signboard had become a part of the realty. For like reasons objection is made to the sufficiency of the findings. The findings follow the pleadings and it is further found that the signboard was erected upon the lot with the "express assent and consent" of both the plaintiff and Tighe. Among the conclusions of law is found the following: "That plaintiff Breyfogle is not the owner of said combined fence and signboard and has no interest therein." The court did not expressly find that the signboard had not become a part of the realty. [2] "It is not necessary that the findings of the court on material issues shall follow the pleadings. If the findings, taken together, are such that the court can say the ultimate facts necessarily result therefrom, they are sufficient." (*Tower* v. *Wilson,* 45 Cal. App. 123 [188 Pac. 87].) [3] Findings are to be given a liberal construction in support of the judgment. (*Price* v. *Occidental Life Ins. Co.,* 169 Cal. 800 [147 Pac. 1175].) Giving the findings in this case a liberal con-

struction, it necessarily results therefrom that the signboard did not become a part of the realty upon which it was placed but retained its character of personal property.

[4] In determining whether personal property attached to land becomes a part of the realty there are "three general tests which may be applied, . . . first, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold." (11 R. C. L. 1059.) [5] "The test of intention is to be given a broad and comprehensive signification. It does not merely imply the secret action of the mind of the owner of the property, nor need it be expressed in words, but it is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made; which, obviously, suggests that the other tests are really part of this comprehensive test of intention, and that they derive their chief value as conspicuous evidence of such intention." (11 R. C. L. 1062.) Applying these tests to the facts of the instant case, it is apparent that only the first supports appellant's contention. The signboard was annexed to the realty, but it was not adapted or applied to any use or purpose to which the realty was appropriated, nor, manifestly, was it the intention to make the signboard a permanent accession to the freehold. The corporation placed the signboard on the lot under license from the owners thereof, a license revocable by them at will. It would be highly unreasonable to conclude that the corporation intended it to become a permanent accession to the freehold when it was within the power of the owners of the lot to revoke the license immediately after the completion of the structure. "Generally a building erected on the land of another by his consent or license does not become a part of the realty, but remains the property of the person annexing it, and may be removed by him." (11 R. C. L. 1083.) "He who has affixed improvements to land under a license from the owner is generally held to have a right to remove them within a reasonable time after the termination of the license. (Bronson on Fixtures, sec.

58 Cal. App.—20

106; 19 Cyc. 1056.) An agreement for such right of removal is implied from the circumstances.'' (*Watterson* v. *Cruse,* 179 Cal. 379, 382 [176 Pac. 870, 871].) The fact of the conveyance by Tighe of his interest in the lot to appellant did not affect the corporation's right of removal, appellant not being in the position of an innocent purchaser, without knowledge of the circumstances under which the structure was erected.

It is claimed that the court erroneously admitted evidence of the intention and purpose with which the signboard was placed upon the lot. The contention is without merit and no useful purpose would be subserved by a discussion of the matter.

The judgment is affirmed.

Prewett, J., *pro tem.*, and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 22, 1922.