[Civ. No. 7435. First Appellate District, Division One.—October 27, 1930.]

GEORGE C. BELL, Jr., Appellant, v. MORTGAGE GUARANTEE COMPANY (a Corporation) et al., Respondents.

W. L. Clairborne and M. F. Ryan for Appellant.

John L. Reith for Respondents.

TYLER, P. J.—Action in claim and delivery for the recovery of a steam heating plant.

There is no dispute concerning the facts. Plaintiff in the year 1927 entered into an oral agreement with one Patch to install a complete steam heating system and water plant in an apartment house which Patch was constructing in Berkeley. At this time nothing was said as to terms of

payment. After the installation of the plant and after it was in full operation two payments were made by Patch upon the same, amounting to the sum of $1900. Being unable to pay the balance due, Patch thereafter signed a conditional contract of sale covering the plant, by the terms of which title was reserved in plaintiff. Subsequently Patch made application to defendant corporation for a loan upon the premises. The loan was granted and the apartment house was conveyed to defendant under a deed of trust to secure the payment of the loan. At the time defendant was appraising the property for the purpose of making the loan, nothing was said by anyone concerning the title to the heating plant and defendant was of the belief that the plant constituted a part of the building. Subsequently defendant, pursuant to a sale under the deed of trust, became the purchaser of the premises with appurtenances. Thereafter suit was brought by plaintiff to recover the plant. The trial court found that at the time defendant corporation made an inspection of the premises and appraised the value thereof for the purpose of making the loan, the plant was completely installed in the apartment house and was providing heat and hot water to seventeen apartments in the building; that the boiler unit of the plant was set in the basement upon a brick foundation built to receive it and cemented in at the base; that the pipes ran to and from the burner and boiler and storage tank, and conduits and pipe ran up through the partitions and walls of the building to the various rooms, where the heat was discharged through radiators; that the plant was a part of the equipment used in the operation of the house and contributed to the use of the building for the purposes for which it was intended; that the system was a part of the building. It further found that plaintiff or any other person had never made any claim to defendant that they had any interest therein until after the loan had been made and there was nothing to indicate that plaintiff had any right or interest therein. Additional findings are to the effect that the plaintiff did not record his conditional contract of sale or any notice thereof with the county recorder. Judgment was thereupon rendered in favor of defendant.

The sole question involved in the appeal is whether or not the heating plant was a fixture or did it remain a chattel under the conditional sales contract entered into

between the owner of the premises and plaintiff. This precise question has been answered in the comparatively recent case of *Oakland Bank of Savings* v. *California Pressed Brick Co.*, 183 Cal. 295 [191 Pac. 524], where it is held that while the owner of personal property of this character has the right to make an agreement to sell and deliver possession of the same upon the condition that the title thereto shall remain in him until the same is paid for, this rule prevails only so long as the property retains its character as personalty and it ceases to prevail when one voluntarily places it in the possession and control of the vendee with knowledge that if it was to be put to the use for which it was designed, it would be affixed to the land. The seller, because of these facts, is presumed to have agreed that the personal property should be, or might be, converted into real property. By this transformation it is brought under the operation of the laws for recording contracts affecting realty and for the protection of innocent purchasers. The case cited extensively deals with the question and we do not deem further discussion on our part to be necessary. (See, also, *Kohler* v. *Brasun*, 249 N. Y. 224 [164 N. E. 31]; *Leo Co.* v. *Jersey City Bill Posting Co.*, 78 N. J. L. 150 [73 Atl. 1046]; *King* v. *Title Trust Co.*, 111 Wash. 508 [191 Pac. 748].) Here defendant, having no notice of any secret title, and not being charged with notice, was entitled to conclude that the plant was a part of the realty.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.