[Civ. No. 8104. First Appellate District, Division One.—October 4, 1932.]

JANETT D. PATCH, Appellant, v. MORTGAGE GUARANTEE COMPANY (a Corporation), Respondent.

Marshall Rutherford for Appellant.

John L. Reith for Respondent.

THE COURT.—Plaintiff and her son, Donald L. Patch, were the owners in fee simple as tenants in common of certain real property in Berkeley, California. On April 30, 1927, plaintiff executed a deed, conveying her interest therein to her son, who on the same day executed to her his note for $10,437.50 payable on demand. The note contained the following clause: "In consideration of the aforesaid indebtedness I hereby grant, bargain, sell, convey and confirm to Janett D. Patch, her successors and assigns, all the equity which I may hereafter acquire in and to the furnishings, equipment and appurtenances of a certain proposed building to be erected upon the property described in a certain deed dated to-day from Janett D. Patch and George Patch, her husband, to Donald L. Patch, a single man; also I hereby grant, bargain, sell, convey and confirm to Janett D. Patch, her successors and assigns, all the equity which I may hereafter acquire in and to all improvements placed upon the property aforementioned."

Plans for the construction of an apartment house on the property had already been prepared, and after the above transaction the building was erected thereon. In the course of its construction certain refrigerating apparatus, consisting of 17 Kelvinators with central units, tubing and boxes; 14 Rip Van Winkle beds, and 4 electric light fixtures, were installed therein. The beds and light fixtures were paid for by plaintiff's son when the same were installed, but the Kelvinators were purchased by him under a conditional sale contract, title remaining in the seller until payment of the price. The same were described therein as "17—08 Evaporator Coils and 1 No. 5543 D.B. Compressor, serial No. 68124." The price of these articles was subsequently paid by the buyer.

On November 10, 1927, after the completion of the building and the installation therein of the above-described articles defendant loaned to said Donald L. Patch the sum of $50,000, and the same was secured by a deed of trust of the real property. Subsequently upon default in payment the property was sold pursuant to the provisions of the deed of trust and purchased by defendant. The evidence shows that the installed articles were pointed out to defendant's agent by plaintiff's daughter at the time the apartment was being appraised for the purpose of making the loan. The instrument under which plaintiff claims was not recorded, and it is admitted that no notice of her claim was given to defendant until after the sale last mentioned. It was testified that the amount of the appraisement included the value of the above articles and that the same were considered as material to the security. After the sale plaintiff attempted to remove the articles but was prevented by defendant, whereupon the present action was commenced to recover them or their value, with damages for their detention.

The trial court found plaintiff to be the owner and entitled to the possession of "17 metal boxes kept in that certain apartment building (being the building referred to above), said boxes being units of and part of certain kitchen cabinets installed in said building and which boxes were used as the iceboxes in connection with said Kelvinator system". It also found that "the 17 Kelvinators together with central unit and all tubing used in connection therewith; 14 Rip Van Winkle beds and 4 electric light chandeliers" were at all times fixtures and the property of defendant. Judgment was entered in favor of plaintiff for the possession of the metal boxes or their value, with damages for their detention.

Plaintiff has appealed, claiming that she should have been awarded possession of all the property sued for.

According to section 660 of the Civil Code, "A thing is deemed to be affixed to land when it is . . . permanently resting upon it as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts and screws."

It will be unnecessary to review the evidence, which is voluminous, further than to say that it appears that the

Kelvinator system, beds and electrical fixtures were permanently affixed to the building and became fixtures within the rules declared in the following cases: *Oakland Bank, etc.,* v. *California Pressed Brick Co.,* 183 Cal. 295 [191 Pac. 524]; *Breyfogle* v. *Tighe,* 58 Cal. App. 301 [208 Pac. 1008]. ▉ Moreover, the facts bring the case within the rule that, without regard to the validity of the contract as between plaintiff and her son, it could have no force or effect against a subsequent encumbrancer who became such in good faith and without notice of the contract. (*Daugh* v. *Ginsburg,* 214 Cal. 540 [6 Pac. (2d) 952]. See, also, *Bell* v. *Mortgage Guarantee Co.,* 109 Cal. App. 203 [292 Pac. 660], which involved the heating system and water plant in the same building.)

▉ It is urged by the respondent corporation—which, however, has not appealed—that plaintiff was not entitled to recover any of the property. It claims that the ice-boxes were a part of the refrigerating system. As to this it will be sufficient to say that they were not purchased as part of the system, and the evidence is conflicting as to whether they were necessarily so or affixed to the building. There was in this connection enough evidence to justify the court's conclusion to the contrary, and its finding cannot be disturbed.

The judgment is affirmed.